IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 09-20005-10-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| HUGO CHAVEZ-CADENAS, | ) | No. 10-2402-KHV |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #904) filed July 19, 2010. For reasons stated below, the Court overrules defendant's motion.

## Analysis

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

Defendant argues that (1) certain unidentified search warrants were invalid because they relied on knowingly false statements by government agents in the warrant applications and (2) certain unidentified statements by his co-conspirators, Secundino Arias-Garcia and Maricela Naranjo, were unreliable.[1] Defendant asks the Court to suppress all evidence which was obtained

---

[1] Defendant's claims appear to be barred because he did not raise them on direct appeal, see United States v. Williams, 139 Fed. Appx. 974, 976 (10th Cir. 2005), and because in the plea agreement, he waived his right to file collateral challenges, see United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003). A court may raise procedural bars *sua sponte* but must afford
(continued...)

pursuant to the search warrants and to suppress the witness statements of Arias-Garcia and Naranjo.

A voluntary guilty plea waives all non-jurisdictional defenses and challenges to an inmate's conviction. See United States v. Davis, 900 F.2d 1524, 1525-26 (10th Cir.1990). The Tenth Circuit has noted as follows:

> The reason for this rule is well-established. A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Id. at 1526 (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).

Since defendant entered a plea of guilty, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." See United States v. Cockerham, 237 F.3d 1179, (10th Cir. 2001) (citing United States v. Broce, 488 U.S. 563, 569 (1989)). Based on the plea petition, the plea agreement and the Rule 11 colloquy, the Court finds that defendant's plea was counseled, knowing and voluntary. Defendant does not allege any deficiency in his plea or the plea process. Defendant has therefore waived his challenges to the validity of the search warrants and the reliability of the statements of his co-defendants.

Even if defendant had not pled guilty, his claims lack substantive merit. As to his claim that

---

[1](...continued)
the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar sua sponte where transcendent interests served by that defense warrant it). Because defendant's claims obviously lack merit, in the interests of judicial efficiency, the Court proceeds directly to the merits of defendant's motion. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).

government agents willfully submitted false statements in support of certain search warrants, defendant has not satisfied his burden to show that he has standing to challenge any of the searches pursuant to the unidentified warrants.[2] In addition, defendant's plea of guilty, combined with the factual summary of the basis for the plea, refute any suggestion that government agents simply made up their interpretation of the code language which defendant and his associates used.

As to his claim that the statements by his co-conspirators were unreliable and should be suppressed, defendant has not identified any particular statement. In addition, defendant's plea of guilty, combined with the factual summary of the basis for the plea, suggest that the statements of his co-conspirators were largely accurate summaries of defendant's involvement in the conspiracy.

**Conclusion**

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle

---

[2] The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Fourth Amendment rights are personal and cannot be claimed vicariously. Rakas v. Illinois, 439 U.S. 128, 133-34 (1978); United States v. Valdez, 333 F.3d 1206, 1208 (10th Cir. 2003). Given the personal nature of the interest, standing is a matter of substantive Fourth Amendment law. Rakas, 439 U.S. at 140. Standing inquiries thus turn on the classic Fourth Amendment test: (1) whether defendant manifested a subjective expectation of privacy in the area searched and (2) whether society is prepared to recognize that expectation as objectively reasonable. Valdez, 333 F.3d at 1208-09; United States v. Allen, 235 F.3d 482, 489 (10th Cir. 2000); United States v. Benitez-Arreguin, 973 F.2d 823, 827 (10th Cir. 1992). Defendant bears the burden to show that he had a legitimate expectation of privacy in the invaded place. See United States v. Gordon, 168 F.3d 1222, 1226 (10th Cir.), cert. denied, 527 U.S. 1030 (1999); see also United States v. Eckhart, Nos. 07-4216, 07-4022, 2009 WL 1841695, at *8 (10th Cir. June 29, 2009) (proponent of motion to suppress has burden to show that his own rights were violated by challenged search); Allen, 235 F.3d at 489 (same). Here, defendant challenges the search of homes which were owned by Arias-Garcia and Naranjo and defendant does not allege facts which suggest that he had a reasonable expectation of privacy in those homes. See Motion (Doc. #904) at 21.

him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record).

**Certificate Of Appealability**

Effective December 1, 2009, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By Person In Federal Custody (Doc. #904) filed July 19, 2010 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 20th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge