IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20005-10-KHV |
| HUGO CHAVEZ-CADENAS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence from 360 months in prison (the low end of the original guideline range) to 292 months in prison (the low end of the amended guideline range). To the extent that defendant sought a further reduction of his sentence, the Court overruled his pro se motion. See Order (Doc. #1084) filed February 11, 2015. This matter is before the Court on defendant's Supplement Of The Motion (Document DKT: Order Sustaining ("1095")) (Filed: 03/04/2015) (Document: "1100") Was Submitted In Pro Se Pursuant To 18 U.S.C. § 3582(c)(2) [And] In Conjunction With Minus Two All Drug Amendment (782) Amended § 1B1.10(b) (Nov. 2014) (Doc. #1106) filed March 25, 2015, which the Court construes as a motion to reconsider.

Defendant asks the Court to impose a sentence below the amended guideline range. Unless a defendant's original sentencing range was lowered pursuant to a government motion to reflect substantial assistance to authorities, the Court may not impose a reduced sentence below the low end of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A); see 18 U.S.C. § 3582(c)(2) (reduction must be consistent with applicable policy statements issued by Sentencing Commission); see also U.S.S.G. § 1B1.10(a)(3) (proceedings under Section 3582(c)(2) and policy statement do not constitute full resentencing). The Court originally sentenced defendant to 360 months in prison, which was the

low end of the original guideline range (360 months to life).[1]  In light of Amendment 782, the Court resentenced defendant to 292 months in prison, which was the low end of the amended guideline range (292 months to 365 months).  Under Section 3582(c)(2) and the relevant policy statements issued by the Sentencing Commission, the Court lacks authority to reduce defendant's term of imprisonment below 292 months.

**IT IS THEREFORE ORDERED** that defendant's Supplement Of The Motion (Document DKT: Order Sustaining ("1095")) (Filed: 03/04/2015) (Document: "1100") Was Submitted In Pro Se Pursuant To 18 U.S.C. § 3582(c)(2) [And] In Conjunction With Minus Two All Drug Amendment (782) Amended § 1B1.10(b) (Nov. 2014) (Doc. #1106) filed March 25, 2015, which the Court construes as a motion to reconsider, be and hereby is **OVERRULED**.

Dated this 13th day of April, 2015, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant erroneously asserts that at his original sentencing, the Court imposed a sentence at the "Minimum *Middle* range of the guidelines." Doc. #1106 at 23 (emphasis added).