**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL ACTION** |
| v. ) | |
| ) | **No. 09-20005-10-KHV** |
| **HUGO CHAVEZ-CADENAS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion Requesting The District Court For Downward Departure From Sentencing Guidelines Range Under U.S.S.G. § 5K2.0 (2013) (Doc. #1132) filed January 8, 2016. Defendant asks the Court to recalculate his guideline range and re-sentence him. A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See id.; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct

arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to re-sentence defendant at this time.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion Requesting The District Court For Downward Departure From Sentencing Guidelines Range Under U.S.S.G. § 5K2.0 (2013) (Doc. #1132) filed January 8, 2016 be and hereby is **OVERRULED**.

Dated this 19th day of January, 2016, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Defendant cites Koon v. United States, 518 U.S. 81 (1996), but Koon does not expand the Court's authority to re-sentence a defendant. Koon merely permits the Court to consider post-offense rehabilitation as a basis for downward departure if and when re-sentencing is otherwise authorized. See id. at 94-96.