# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 09-20005-10-KHV |
| HUGO CHAVEZ-CADENAS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Petitioner's Motion To Correct Clerical Error On PSR Pursuant Fed. R. Crim. P. 36</u> (Doc. #1136) filed April 1, 2016 and defendant's letter (Doc. #1137) filed April 8, 2016, which the Court construes as a supplemental motion to correct the presentence investigation report ("PSR"). Defendant asserts that the PSR incorrectly calculated his total offense level at 42. Defendant asks the Court to correct the "clerical error" and reduce his offense level to 39 and enter an amended judgment. See Doc. #1136 at 2, 11.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); see 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions authorize a substantive modification of defendant's sentence at this time. The Director

of the Bureau of Prisons has not filed a motion and defendant has not reached 70 years of age. Further, Rules 35 and Rule 36 of the Federal Rules of Criminal Procedure do not authorize a substantive modification of defendant's sentence at this time. See Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance, and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). The Court previously granted defendant relief under Sentencing Amendment 782, but he has not shown that he qualifies for any further relief. See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1085) filed February 11, 2015 (reducing defendant's sentence from 360 to 292 months in prison). Finally, the Court does not have inherent authority to re-sentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court lacks jurisdiction to re-sentence defendant at this time

To the extent that defendant seeks to have the PSR corrected solely so that he may qualify for certain BOP programs or placements, the Court overrules his request. Defendant cites Rule 36, Fed. R. Crim. P., which authorizes the Court at any time to correct a "clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Defendant seeks a modified total offense level and amended judgment, however, which reflect substantive changes in his PSR and sentence. Rule 36 does not permit the Court to correct non-clerical errors in the PSR. See United States v. Long, 419 F. App'x 845, 848 (10th Cir. 2011) (Rule 36 cannot be used to challenge drug quantity in PSR); United States v. Larsen, 380 F. App'x 789, 791 (10th Cir. 2010) (Rule 36 only permits correction of "clerical-type errors," not substantive modifications of defendant's sentence); United States v. Wilkes, 376 F. App'x 295, 296 (4th Cir. 2010) (Rule 36 motions apply to clerical errors only; not proper vehicle to challenge substance of

presentence report); United States v. Simon, 36 F. App'x 415, 416 (10th Cir. 2002) (same). Under Rule 32(f), Fed. R. Crim. P., defendant had 14 days to raise objections to the PSR. Defendant cannot use Rule 36 as a back door to evade the deadline of Rule 32 or any obstacles under 28 U.S.C. § 2255. See Long, 419 F. App'x at 848 (defendant cannot escape strictures of Rule 32 by relying on Rule 36); Wilkes, 376 F. App'x at 296 (substantive challenge to PSR must be made within deadline of Rule 32); United States v. Johnson, 571 F.3d 716, 718 (7th Cir. 2009) (Rule 36 cannot be used as alternative to attack sentence based on non-clerical error in PSR). For these reasons, the Court overrules defendant's motions.

**IT IS THEREFORE ORDERED** that Petitioner's Motion To Correct Clerical Error On PSR Pursuant Fed. R. Crim. P. 36 (Doc. #1136) filed April 1, 2016 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #1137) filed April 8, 2016, which the Court construes as a supplemental motion to correct the presentence investigation report, be and hereby is **OVERRULED**.

Dated this 20th day of April, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge