**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 09-20005-10-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| HUGO CHAVEZ-CADENAS, | ) | No. 16-2820-KHV |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On June 23, 2010, the Court sentenced defendant to 360 months in prison. On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months in prison (the low end of the amended guideline range). This matter is before the Court on defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And In Conjunction With Amendment 794 To The Commentary To U.S.S.G. § 3B1.2 (Minor Role Reduction) (Doc. #1151) filed November 4, 2016, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction.

Defendant seeks relief under Amendment 794 to the Sentencing Guidelines, which became effective November 1, 2015. A district court has authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). Amendment 794 provides additional guidance to district courts in determining when a mitigating role adjustment applies under Section 3B1.2 of the Guidelines. See Amendment 794, Supp. to App. C (Nov. 1, 2015). Unless and until the United States Sentencing Commission specifically designates the

amendment for retroactive application, the Court has no authority to apply the amendment to defendant's case under Section 3582(c)(2). See 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement).  While certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, defendant must seek relief based on such amendments as a challenge to his sentence on direct appeal or in a motion under Section 2255. United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003).  The Court lacks authority to modify a sentence under Section 3582(c)(2) based on a "clarifying" amendment to the Guidelines which the Sentencing Commission has not designated as retroactive. See id.

Because the Court lacks authority to consider defendant's motion under Section 3582(c), the Court construes the motion as a second or successive motion to vacate under Section 2255. Defendant previously filed a Section 2255 motion. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).  In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, whether the claims are

likely to have merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction.  Id. at 1223 n.16.

Because it appears that defendant's claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases).  A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Here, defendant relies solely on an amendment to the Sentencing Guidelines.  Defendant has not asserted "newly discovered evidence" or claimed that the Supreme Court has made retroactive a new rule of constitutional law that was previously unavailable.  Accordingly, the Court declines to transfer the present motion to the Court of Appeals.

**IT IS THEREFORE ORDERED** that defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And In Conjunction With Amendment 794 To The Commentary To U.S.S.G. § 3B1.2 (Minor Role Reduction) (Doc. #1151) filed November 4, 2016, which the Court construes as a second or successive motion to vacate sentence under 28 U.S.C. § 2255, is **DISMISSED**.

Dated this 19th day of December, 2016 at Kansas City, Kansas.

                <u>s/ Kathryn H. Vratil</u>
                KATHRYN H. VRATIL
                United States District Judge