**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 09-20005-10-KHV |
| HUGO CHAVEZ-CADENAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On June 23, 2010, the Court sentenced defendant to 360 months in prison. On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months in prison (the low end of the amended guideline range). On December 16, 2016, the Court dismissed defendant's motion to reduce sentence under Amendment 794 (Doc. #1151) which the Court construed as a second or successive motion to vacate sentence under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #1153). This matter is before the Court on defendant's Motion For Reconsideration In Light Of Retroactive Amendment 794 (Doc. #1154) filed February 24, 2017. For reasons stated below, the Court overrules defendant's motion.

Defendant seeks relief under Amendment 794 to the Sentencing Guidelines, which became effective November 1, 2015. As explained in the prior order, unless and until the United States Sentencing Commission specifically designates the amendment for retroactive application, the Court has no authority to apply the amendment to defendant's case under Section 3582(c)(2). See 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement).

Defendant asks the Court to reconsider its ruling in light of United States v. Perez, No. 08-

00429-06, 2016 WL 7742745 (S.D.N.Y. 2016). In Perez, the district court found that it lacked authority to reduce defendant's sentence under Section 3582(c)(2) because the Sentencing Commission had not designated Amendment 794 to apply retroactively under U.S.S.G. § 1B1.10. 2016 WL 7742745, at *1. Perez is consistent with this Court's earlier ruling.

Defendant argues that because Amendment 794 is a "clarifying" amendment, the Court must apply it retroactively. See Motion For Reconsideration In Light Of Retroactively Amendment 794 (Doc. #1154) at 2 (citing United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016)). In the prior order, the Court recognized that certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, but "defendant must seek relief based on such amendments as a challenge to his sentence on direct appeal or in a motion under Section 2255." Memorandum And Order (Doc. #1153) at 2 (citation omitted). As explained in the prior order, because defendant previously filed a Section 2255 motion, he may not file a second motion under Section 2255 unless he first applies to the Tenth Circuit Court of Appeals for an order authorizing this Court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h).

**IT IS THEREFORE ORDERED** that defendant's Motion For Reconsideration In Light Of Retroactive Amendment 794 (Doc. #1154) filed February 24, 2017 is **OVERRULED**.

Dated this 31st day of May, 2017 at Kansas City, Kansas.

           s/ Kathryn H. Vratil
           KATHRYN H. VRATIL
           United States District Judge