**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 09-cr-20005-10-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| HUGO CHAVEZ-CADENAS, ) | No. 18-cv-2114-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On June 23, 2010, the Court sentenced defendant to 360 months in prison. On August 20, 2010, the Court overruled defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #904) filed July 19, 2010. Memorandum And Order (Doc. #916). On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months in prison (the low end of the amended guideline range).

On December 16, 2016, the Court dismissed defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And In Conjunction With The Amendment 794 To The Commentary To U.S.S.G. § 3B1.2 (Doc. #1151), which the Court construed as a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. Memorandum And Order (Doc. #1153) at 2-3. On February 24, 2017, defendant filed a Motion For Reconsideration In Light Of Retroactive Amendment 794 (Doc. #1154). On May 31, 2017, the Court overruled this motion. Memorandum And Order (Doc. #1178). This matter is before the Court on defendant's Memorandum Motion In Reconsideration [To] The District Court For A[] Memorandum And Order To Dismis[s]ed Motion Minor Role Reduction Under The Amendment 794 Amended § 3B1.2

Pursuant [To] 18 U.S.C. § 3582(c)(2) (Doc. #1186) filed July 19, 2017. The Court construes this motion as a second or successive motion to vacate his sentence under 28 U.S.C. § 2255.[1] For reasons stated below, the Court dismisses defendant's motion and denies a certificate of appealability.

Defendant seeks reconsideration of the Court's order which overruled his motion to reconsider the Court's Memorandum And Order (Doc. #1151). Memorandum Motion In Reconsideration (Doc. #1186) at 1. Defendant asserts that the Court should reduce his sentence because (1) the Ninth Circuit has held that "Amendment 794 is [c]larifying and therefore retroactive," id. at 4; (2) the government failed to prove the quantity of drugs defendant transported and the Presentence Investigation Report miscalculated the drug quantity, id. at 5-6, 9; (3) counsel provided ineffective assistance because he did not receive a sentence reduction for defendant's lack of criminal history, id. at 8; (4) the government did not prove what chemicals defendant possessed and did not adequately verify the type of drugs in his possession, id. at 10-11; (5) counsel provided ineffective assistance because he did not object to government testing, id. at 12; (6) the Court should have dismissed the indictment because the government did not verify the type of drugs in defendant's possession, id. at 13-15; (7) the Court violated his due process rights and counsel provided ineffective assistance for failing to give him proper notice of a hearing concerning his sentence enhancement under U.S.S.G. § 3B1.1(b), id. at 16-17; (8) during the appeal of his first Section 2255 motion, counsel provided ineffective assistance because he submitted motions without

---

[1] On August 28, 2017, defendant filed a motion which asserts that a recent Western District of Washington case holds that courts can retroactively modify sentences under Amendment 794. See Doc. #1189 (title of motion not legible). The Court construes this motion as a supplement to defendant's Memorandum Motion In Reconsideration (Doc. #1186).

defendant's permission, id. at 18; and (9) a Western District of Washington case allows the Court to retroactively modify its sentence under Amendment 794, Doc. #1189 at 1-3.

## Analysis

### I.    Basis For Relief Requested In Defendant's Motion

Although defendant filed a "Motion In Reconsideration" (Doc. #1186), the Court must address how to construe defendant's motion. The relief sought – not a motion's title – determines how the Court should construe a motion. United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015); United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitioners by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). When determining the nature of a motion, the Court considers each issue in the motion. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the [defendant's] underlying conviction." Id. at 1225.

Defendant's motion seeks relief from his underlying conviction and sentence – not the Court's Memorandum And Order (Doc. #1178) of May 31, 2017. For example, in three claims, defendant challenges the sufficiency of government evidence at trial and sentencing; he also asserts four ineffective assistance claims. See Memorandum Motion In Reconsideration (Doc. #1186) at 5-6, 9-11, 13-15 (Claims 2, 4 and 6 assert government did not sufficiently prove drug quantity or type of drugs and/or chemicals); see id. at 8, 12, 16-18 (Claims 3, 5, 7 and 8 assert counsel was ineffective for failing to raise arguments at sentencing, challenge government evidence, give notice

of sentencing hearing and filing motions without defendant's permission). In Claims 1 and 9, defendant reasserts a claim that the Court has rejected twice – i.e. that the Court should apply Amendment 794 retroactively to reduce his sentence. See Memorandum And Order (Doc. #1153) at 2-3 ("defendant must seek relief based on [clarifying] amendments as a challenge to his sentence on direct appeal or in a motion under Section 2255"); see also Memorandum And Order (Doc. #1178) at 2.

A motion which attacks the judgment of conviction or sentence when a prior motion has already done so constitutes a second or successive motion under Section 2255. United States v. McIntosh, No. 17-3195, 2018 WL 798284, at *2 (10th Cir. Feb. 9, 2018) (quoting Wetzel-Sanders, 805 F.3d at 1268); see Spitznas, 464 F.3d at 1215-17 (10th Cir. 2006) (motions that "assert or reassert a federal basis for relief from the underlying conviction" second or successive habeas petitions). As stated, defendant's claims assert or reassert federal grounds for relief from his underlying conviction and sentence.[2] Because defendant has previously sought relief under Section 2255, the Court construes these claims as part of a second or successive Section 2255 motion. Id. at 1215.

**II.   Relief Under 28 U.S.C. § 2255**

As stated, defendant previously filed two Section 2255 motions. See Memorandum And Order (Doc. #916); see also Memorandum And Order (Doc. #1153) at 2 (construing motion under

---

[2]   In Claim 8, defendant asserts ineffective assistance of appellate counsel during his first motion under Section 2255. Memorandum Motion In Reconsideration (Doc. #1186) at 18. The Supreme Court has noted that claims based on omissions by habeas counsel generally seek to reassert previously raised post-conviction claims. Gonzalez v. Crosby, 545 U.S. 524, 532 n.5 (2005); see also Gray v. Mullin, 171 F. App'x 741, 744 (10th Cir. 2006). Here, defendant's ineffective assistance habeas counsel claim constitutes an unauthorized second or successive Section 2255 claim.

Section 3582(c) as second and successive Section 2255 motion).  Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. §§ 2244(b)(3), 2255(h).  If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction.  See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).  The Court has discretion whether to transfer or dismiss without prejudice.  Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006).  In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction.  Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court overrules the motion rather than transferring it to the Tenth Circuit.  See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of

Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). Here, defendant's claims do not assert new evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law. Rather, he challenges the sufficiency of government evidence, counsels' performance and how the Court applied the Sentencing Guidelines. He could have asserted these claims on direct appeal or in his initial Section 2255 motion. Thus, the Court dismisses his claims for lack of jurisdiction.

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[3] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Memorandum Motion In Reconsideration [To] The District Court For A[] Memorandum And Order To Dismis[s]ed Motion Minor Role Reduction Under The Amendment 794 Amended § 3B1.2 Pursuant [To] 18 U.S.C. § 3582(c)(2) (Doc. #1186) filed July 19, 2017, which the Court construes as a second or

---

[3] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

successive motion under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 9th day of March, 2018 at Kansas City, Kansas.

<pre>
                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge
</pre>