**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 09-20005-10-KHV |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. 19-2508-KHV |
| HUGO CHAVEZ-CADENAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On June 23, 2010, the Court sentenced defendant to 360 months in prison. On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months. This matter is before the Court on defendant's Memorandum Motion [For] Downward Departure (Doc. #1263) filed November 2, 2018, which the Court construes as a second or successive motion under 28 U.S.C. § 2255, and defendant's letter (Doc. #1291) filed June 25, 2019, which the Court construes as a motion for relief under the First Step Act of 2018. For reasons stated below, the Court dismisses both motions for lack of jurisdiction and denies a certificate of appealability.

## Factual Background

As noted, on June 23, 2010, the Court sentenced defendant to 360 months in prison. On August 20, 2010, the Court overruled his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #904) filed July 19, 2010. Memorandum And Order (Doc. #916). On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months (the low end of the amended guideline range).

On December 16, 2016, the Court dismissed defendant's Motion For Reduction Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And In Conjunction With The Amendment 794 To The Commentary To U.S.S.G. § 3B1.2 (Doc. #1151), which the Court construed as a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. Memorandum And Order (Doc. #1153) at 2-3. On February 24, 2017, defendant filed a Motion For Reconsideration In Light Of Retroactive Amendment 794 (Doc. #1154). On May 31, 2017, the Court overruled this motion. Memorandum And Order (Doc. #1178). Defendant later sought reconsideration of the Court's order which overruled his motion to reconsider. See Memorandum Motion In Reconsideration [To] The District Court For A[] Memorandum And Order To Dismis[s]ed Motion Minor Role Reduction Under The Amendment 794 Amended § 3B1.2 Pursuant [To] 18 U.S.C. § 3582(c)(2) (Doc. #1186) filed July 19, 2017 at 1. Defendant asserted that the Court should reduce his sentence because (1) the Ninth Circuit has held that Amendment 794 is clarifying and therefore retroactive; (2) the government failed to prove the quantity of drugs which defendant transported and the presentence report miscalculated the drug quantity; (3) counsel provided ineffective assistance because defendant did not receive a sentence reduction for lack of criminal history; (4) the government did not prove what chemicals defendant possessed and did not adequately verify the type of drugs in his possession; (5) counsel provided ineffective assistance because he did not object to government testing; (6) the Court should have dismissed the indictment because the government did not verify the type of drugs in defendant's possession; (7) the Court erred and counsel provided ineffective assistance for failing to give him proper notice of a hearing concerning his sentence enhancement under U.S.S.G. § 3B1.1(b); (8) during the appeal of his first Section 2255 motion, counsel provided ineffective assistance because he

submitted motions without defendant's permission; and (9) a Western District of Washington case allows the Court to retroactively modify a sentence under Amendment 794. See Memorandum And Order (Doc. #1218) at 2-3. On March 9, 2018, the Court dismissed defendant's motion to reconsider, which the Court construed as a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. See id.

Liberally construed, defendant's present motion asserts that the Court should reduce his sentence because at sentencing, the Court erred in (1) applying a managerial role enhancement under U.S.S.G. § 3B1.1(b), (2) failing to sua sponte grant a mitigating role adjustment under U.S.S.G. § 3B1.2(b), (3) applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1(c), (4) assessing a criminal history point for a prior offense and (5) imposing a term of supervised release despite his status as a deportable alien. Defendant also claims that at sentencing, counsel provided ineffective assistance in failing to raise the above arguments. Finally, defendant asserts that on his motion under 18 U.S.C. § 3582(c)(2) and Amendment 794, the Court erred in failing to reduce his sentence based on his mitigating role.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing

Commission." 18 U.S.C. § 3582(c)(1), (2); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here.

Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Blackwell, 81 F.3d at 947-48; Fed. R. Crim. P. 35 (authorizes resentencing to reflect defendant's substantial assistance on motion of government and to correct arithmetical, technical or other clear error within 14 days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Moreover, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. Finally, as explained below, defendant has not shown that any statute authorizes the Court to reduce his sentence.

## I.     Defendant's Motion To Reduce Under The First Step Act of 2018 (Doc. #1291)

Defendant asks to be resentenced under the First Step Act of 2018, Pub. Law 115-391 (S. 756), 132 Stat. 5194 (enacted Dec. 21, 2018). The only retroactive portion of the First Step Act is Section 404, which permits district courts to reduce a sentence retroactively based on the revised statutory penalties of the Fair Sentencing Act of 2010, Pub. Law No. 111-220, 124 Stat. 2372. See First Step Act § 404(a). Section 404, however, applies to defendants who were sentenced for an offense involving crack cocaine that was committed before August 3, 2010. Here, defendant was convicted of conspiracy to distribute and possess with intent to distribute methamphetamine, not crack cocaine. The Court therefore lacks jurisdiction to reduce defendant's sentence under the First Step Act.

## II.    Defendant's Motion For Downward Departure (Doc. #1186)

The relief sought – not a motion's title – determines how the Court should construe a

motion. United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015); United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see also United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitioners by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). When determining the nature of a motion, the Court considers each issue in the motion. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the [defendant's] underlying conviction." Id. at 1225.

A motion which attacks the judgment of conviction or sentence when a prior motion has already done so constitutes a second or successive motion under Section 2255. Wetzel-Sanders, 805 F.3d at 1268; see Spitznas, 464 F.3d at 1215-17 (motions that "assert or reassert a federal basis for relief from the underlying conviction" constitute second or successive habeas petitions). All of defendant's claims assert or reassert federal grounds for relief from his underlying conviction and sentence. Because defendant has previously sought relief under Section 2255, the Court construes these claims as part of a second or successive Section 2255 motion. Spitznas, 464 F.3d at 1215.

### III. Relief Under 28 U.S.C. § 2255

As stated, defendant previously filed several Section 2255 motions. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first

seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). Here, defendant challenges (1) how the Court applied the Sentencing Guidelines and the supervised release statute, (2) counsel's performance at sentencing and (3) whether the Court should have granted him relief under Amendment 794 to the

Sentencing Guidelines. Defendant's claims do not assert new evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law.[1] Thus, the Court dismisses his claims for lack of jurisdiction.

### Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[2] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Memorandum Motion [For]

---

[1] In a supplemental memorandum, defendant cites Mont v. United States, 139 S. Ct. 1826 (June 3, 2019), and United States v. Haymond, 139 S. Ct. 2369 (June 26, 2019). See Motion In Support [Of] His Motion (Doc. #1294) filed July 15, 2019. In Mont and Haymond, the Supreme Court did not declare that its holdings were retroactive to cases on collateral review as required under Section 2255(h). In addition, while Mont and Haymond address some aspects of supervised release, they do not directly support defendant's claim that the Court was not authorized to impose a period of supervised release based on his status as a deportable alien. See Mont, 139 S. Ct. at 1829 (if later imposed sentence credits period in pretrial detention as time served for new offense, then pretrial detention on new offense tolls supervised-release period on prior offense); Haymond, 139 S. Ct. at 2382 (mandatory minimum sentence on revocation of supervised release under 18 U.S.C. § 3583(k) violates defendant's constitutional right to jury trial).

[2] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Downward Departure (Doc. #1263) filed November 2, 2018, which the Court construes as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's letter (Doc. #1291) filed June 25, 2019, which the Court construes as a motion for relief under the First Step Act of 2018, is **DISMISSED for lack of jurisdiction**.

Dated this 26th day of August, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge