# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 09-20005-10-KHV |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. 19-2703-KHV |
| HUGO CHAVEZ-CADENAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On June 23, 2010, the Court sentenced defendant to 360 months in prison. On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months. This matter is before the Court on defendant's <u>Motion To Reconsider His (2255's) (Second Successive 2255s) . . . And Apply[] Rule 60(b)(6) Discretion And Power</u> (Doc. #1312) filed September 30, 2019, which the Court construes as a second or successive motion under 28 U.S.C. § 2255. For reasons stated below, the Court dismisses defendant's motion for lack of jurisdiction and denies a certificate of appealability.

## Factual Background

As noted, on June 23, 2010, the Court sentenced defendant to 360 months in prison. On August 20, 2010, the Court overruled his <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody</u> (Doc. #904) filed July 19, 2010. <u>Memorandum And Order</u> (Doc. #916). On February 11, 2015, under Amendment 782 to the Sentencing Guidelines, the Court reduced defendant's sentence to 292 months (the low end of the amended guideline range).

On December 16, 2016, the Court dismissed defendant's <u>Motion For Reduction Of</u>

Sentence Pursuant To 18 U.S.C. § 3582(c)(2) And In Conjunction With The Amendment 794 To The Commentary To U.S.S.G. § 3B1.2 (Doc. #1151), which the Court construed as a second or successive motion to vacate his sentence under 28 U.S.C. § 2255. Memorandum And Order (Doc. #1153) at 2-3. On February 24, 2017, defendant filed a Motion For Reconsideration In Light Of Retroactive Amendment 794 (Doc. #1154). On May 31, 2017, the Court overruled it. Memorandum And Order (Doc. #1178). Defendant sought reconsideration. See Memorandum Motion In Reconsideration [To] The District Court For A[] Memorandum And Order To Dismis[s]ed Motion Minor Role Reduction Under The Amendment 794 Amended § 3B1.2 Pursuant [To] 18 U.S.C. § 3582(c)(2) (Doc. #1186) filed July 19, 2017 at 1. The Court dismissed defendant's motion to reconsider, which it construed as a second or successive motion under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #1218) filed March 9, 2018 at 2-3.

On August 26, 2019, the Court dismissed defendant's Motion [For] Downward Departure (Doc. #1263), which the Court construed as yet another motion to vacate under 28 U.S.C. § 2255. See Memorandum And Order (Doc. #1304) at 7-8.

Liberally construed, defendant's present motion asserts that at sentencing, the Court erred in (1) applying an obstruction of justice enhancement under U.S.S.G. § 3C1.1(c), (2) applying a managerial role enhancement under U.S.S.G. § 3B1.1(b), (3) failing to sua sponte grant a mitigating role adjustment under U.S.S.G. § 3B1.2(b) and (4) miscalculating the drug quantity attributable to him. See Motion To Reconsider (Doc. #1312) at 4-12. Defendant also claims that at sentencing, counsel provided ineffective assistance because he did not ask the Court to consider all the sentencing factors under Section 3553. See id. at 12.

## Analysis

The relief sought – not a motion's title – determines how the Court should construe a motion. United States v. Wetzel-Sanders, 805 F.3d 1266, 1268 (10th Cir. 2015); United States v. Nelson, 465 F.3d 1145, 1149 (10th Cir. 2006); see United States v. Torres, 282 F.3d 1241, 1242, 1246 (10th Cir. 2002) (allowing petitioner to avoid bar against successive petitioners by styling petition under different name would erode procedural restraints of Sections 2244(b)(3) and 2255). When determining the nature of a motion, the Court considers each issue in the motion. Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006). An issue should be considered part of a second or successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the [defendant's] underlying conviction." Id. at 1225.

A motion which attacks the judgment of conviction or sentence when a prior motion has already done so constitutes a second or successive motion under Section 2255. Wetzel-Sanders, 805 F.3d at 1268; see Spitznas, 464 F.3d at 1215-17 (motions that "assert or reassert a federal basis for relief from the underlying conviction" constitute second or successive habeas petitions). All of defendant's claims assert or reassert federal grounds for relief from his underlying conviction and sentence. Because defendant has previously sought relief under Section 2255, the Court construes these claims as part of a second or successive Section 2255 motion. Spitznas, 464 F.3d at 1215.

As stated, defendant previously filed several Section 2255 motions. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See

28 U.S.C. §§ 2244(b)(3), 2255(h). If defendant files a second or successive motion without first seeking the required authorization, the district court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C. § 1631 or (2) dismiss the motion for lack of jurisdiction. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion whether to transfer or dismiss without prejudice. Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time barred if filed anew in the proper forum, are likely to have merit and were filed in good faith or, on the other hand, if it was clear at the time of filing that the Court lacked jurisdiction. Id. at 1223 n.16.

A second or successive motion under 28 U.S.C. § 2255 may be filed in the district court if the court of appeals certifies that the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable fact finder would have found defendant guilty of the offense or (2) a new rule of constitutional law that was previously unavailable and made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h).

Because defendant did not receive authorization from the Tenth Circuit and it appears that his claims do not satisfy the authorization standards under Section 2255, the Court dismisses the motion rather than transferring it to the Tenth Circuit. See In re Cline, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on face to satisfy authorization standards of Section 2255(h)); Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999) (waste of judicial resources to require transfer of frivolous, time-barred cases). Defendant's claims do not assert new evidence or argue that the Supreme Court has made retroactive a new rule of constitutional law.

Thus, the Court dismisses his claims for lack of jurisdiction.

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[1] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider His (2255's) (Second Successive 2255s) . . . And Apply[] Rule 60(b)(6) Discretion And Power (Doc. #1312) filed September 30, 2019, which the Court construes as a second or successive motion under 28 U.S.C. § 2255, is **DISMISSED for lack of jurisdiction**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

Dated this 14th day of November, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).