# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

HUGO CHAVEZ-CADENAS,

      Defendant.

Case No. 09-20005-10-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Hugo Chavez-Cadenas's various motions:  (1) a motion for Downward Departure (Doc. 1317), (2) a motion seeking compassionate release under the First Step Act (Doc. 1320), and (3) a motion for sentence reduction under the First Step Act (Doc. 1322).  The government has responded to two of defendant's motions (Doc. 1321; Doc. 1323).  For reasons explained below, the court dismisses Mr. Chavez-Cadenas's Motion for Downward Departure (Doc. 1317) and his motions under the First Step Act (Doc. 1320; Doc. 1322) because it lacks jurisdiction to decide them.

### I.     Background

In 2010, Mr. Chavez-Cadenas pleaded guilty to knowingly and intentionally conspiring with others to distribute and possess with intent to distribute more than 500 grams of methamphetamine.  Doc. 582 at 1–7.  United States District Judge Kathryn H. Vratil sentenced

---

[1]     Because Mr. Chavez-Cadenas proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But the court does not assume the role of advocate for a pro se litigant.  *Id.*

Mr. Chavez-Cadenas to 360 months' imprisonment.  Doc. 892.  In 2011, Judge Vratil reduced

this sentence to 292 months under 18 U.S.C. § 3582(c)(2).  Doc. 1084-1 at 1.

Since 2011, Mr. Chavez-Cadenas has filed 14 motions and appeals seeking various forms

of relief, all of which the court has denied.  *See, e.g.*, Doc. 1099 (Motion to Reduce Sentence

filed Mar. 3, 2015, denied Mar. 9, 2015 (Doc. 1101)); Doc. 1132 (Motion for Downward

Departure filed Jan. 8, 2016, denied Jan. 19, 2016 (Doc. 1135)); Doc. 1263 (Motion for

Downward Departure filed Nov. 2, 2018, dismissed Aug. 26, 2019 (Doc. 1304)).  Mr. Chavez-

Cadenas's case was reassigned to the undersigned District Judge on February 24, 2020 (Doc.

1318).

## II.    Discussion

Mr. Chavez-Cadenas has filed three motions:  (1) a motion for Downward Departure

(Doc. 1317), (2) a motion seeking compassionate release under the First Step Act (Doc. 1320),

and (3) a motion for sentence reduction under the First Step Act (Doc. 1322).  The court

addresses each motion, in turn, below.

### A.  Motion for Downward Departure (Doc. 1317)

Mr. Chavez-Cadenas seeks resentencing, citing concerns "WITH HOW

'METHAMPHETAMINE' WAS TREATED IN HIS CASE" under the sentencing guidelines.

Doc. 1317 at 1.  But the court first must consider whether Mr. Chavez-Cadenas's motion "should

be construed as a successive § 2255 motion," thus depriving the court of jurisdiction to decide it.

*United States v. Baker*, No. 06-10129-JTM, 2012 WL 6130285, at *1 (D. Kan. Dec. 10, 2012)

(citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)).

### 1.   Legal Standard

Section 2255 of Title 28 of the United States Code allows a prisoner to "move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255(b). If he already has filed a motion under § 2255, a prisoner only may file a second or successive § 2255 motion if "a panel of the appropriate court of appeals" certifies that it contains either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h).  "A second or successive motion attacks the judgment of conviction or sentence when a prior motion has already done so, albeit on different grounds."  *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015).

"Whether a postjudgment pleading should be construed as a successive § 2255 motion depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself."  *Baker*, 2012 WL 6130285 at *1 (citing *Nelson*, 465 F.3d at 1147).  If the post-judgment pleading argues a "'new ground for relief'" from the original judgment, the court should treat that pleading as a successive § 2255 motion.  *Id.* (quoting *Nelson*, 465 F.3d at 1147).  But if the post-judgment pleading challenges earlier federal habeas proceedings, the court should not characterize it as a successive § 2255 motion.  *Id.* (citing *Nelson*, 465 F.3d at 1147).

If the court construes a post-judgment pleading as a successive § 2255 motion, the petitioner first must seek approval from the Tenth Circuit.  *Id.* (citing *Nelson*, 465 F.3d at 1148–49).  Unless the Circuit approves filing a successive § 2255 motion, the district court lacks

jurisdiction to decide the motion.  *Id.* (citing *Nelson*, 465 F.3d at 1148).  Also, the Tenth Circuit

has explained, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court

without the required authorization from [the Tenth Circuit], the district court may transfer the

matter to [the Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.]

§ 1631."  *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted).  Alternatively,

the court "may dismiss the motion or petition for lack of jurisdiction."  *Id.*

### 2.  **Analysis**

Mr. Chavez-Cadenas has styled his motion as one seeking a downward variance in his

sentence under 18 U.S.C. § 3553 to correct a purported sentencing disparity.  But this label can't

hide the substance of the motion.  In substance, it is a successive § 2255 motion.

Mr. Chavez-Cadenas's motion again challenges the way the court applied the sentencing

guidelines and asserts the court didn't consider the purity of the methamphetamine he pleaded

guilty to distributing and possessing with intent to distribute.  Doc. 1317 at 3; Doc. 582 at 1.  He

doesn't challenge an earlier habeas proceeding.  "A second or successive motion attacks the

judgment of conviction or sentence when a prior motion has already done so, albeit on different

grounds."  *Wetzel-Sanders*, 805 F.3d at 1268.  Here, Mr. Chavez-Cadenas already has attacked

the court's application of the sentencing guidelines more than three times.  *See* Doc. 1132

("Motion for Downward Departure"); Doc. 1152 ("Motion for Reduction of Sentence"); Doc.

1263 ("Motion for Downward Departure").  The court has denied each of his challenges.  *See,*

*e.g.*, Doc. 1135 (denying Doc. 1132); Doc. 1153 (dismissing Doc. 1152); Doc. 1304 (dismissing

Doc. 1263).  The Tenth Circuit has not authorized the court to consider his motion.  The court

thus lacks jurisdiction to reach the merits of Mr. Chavez-Cadenas's motion.  *In re Cline*, 531

F.3d at 1252 (noting district court may dismiss successive § 2255 motion for lack of jurisdiction until the Circuit grants authorization).  For this reason, the court dismisses the § 2255 motion.

While it lacks jurisdiction over Mr. Chavez-Cadenas's successive § 2255 motion, the court recognizes it has discretion to transfer the motion to the Tenth Circuit to give Mr. Chavez-Cadenas a chance to acquire the requisite authorization to file a successive § 2255 motion.  The court should transfer the motion if it is in the interest of justice.  *In re Cline*, 531 F.3d at 1252.  When deciding whether transfer will serve the interest of justice, a district court should consider the following factors:  (1) "whether the claims would be time barred if filed anew in the proper forum," (2) "whether the claims alleged are likely to have merit," (3) "and whether the claims were filed in good faith" (4) "or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction."  *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)).

Here, the court finds that the third *Cline* factor is dispositive.  Mr. Chavez-Cadenas has filed many motions, including five motions attacking the length of his sentence (Docs. 1099, 1106, 1132, 1263, 1291) and at least four motions either styled as or construed under § 2255 (Docs. 904, 959, 1152, 1312).  This court repeatedly has denied his claims and explained that it lacks authority to consider them.  *See, e.g.*, Doc. 1153 (dismissing Mr. Chavez-Cadenas's § 2255 motion for lack of jurisdiction and explaining the process a defendant may use to file a successive motion); Doc. 1313 (same).  And, as Mr. Chavez-Cadenas continues to file successive motions, a "court might well conclude that his most recent . . . filing was not made in good faith."  *In re Cline*, 531 F.3d at 1252 (citation omitted).  The court repeatedly has explained that it lacks jurisdiction to consider Mr. Chavez-Cadenas's successive motions.  This third factor thus weighs against transfer.

Since Mr. Chavez-Cadenas has not filed his motion in good faith, the court finds that transferring the motion to the Tenth Circuit would not serve the interest of justice. The court also declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of Mr. Chavez-Cadenas's asserted claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (explaining that, to receive a certificate of appealability, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (citation and internal quotation marks omitted)).

Exercising its discretion, the court dismisses Mr. Chavez-Cadenas's Motion for Downward Departure (Doc. 1317) for lack of jurisdiction. Also, the court declines to transfer the case to the Tenth Circuit.

### B.  Motion for Compassionate Release under the First Step Act (Doc. 1320)

Mr. Chavez-Cadenas also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic. Doc. 1320 at 2. The government opposes Mr. Chavez-Cadenas's motion (Doc. 1321). For the reasons explained below, the court dismisses Mr. Chavez-Cadenas's motion for lack of jurisdiction.

#### 1.  Legal Standard

"[I]t is well-settled that [a] district court is authorized to modify 'a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)). The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment only if certain exceptions apply. Previously, these exceptions required the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf. But in 2018, the First Step Act modified the compassionate release statute,

permitting a defendant to bring his own motion for relief.  First Step Act of 2018, Pub. L. No.

115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  With this 2018 amendment, a defendant may

bring a motion for compassionate release from custody only if he "has fully exhausted all

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's

facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  But, unless a defendant meets

this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.

*See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an

express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C.

§ 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or

(ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a

determination has been made by the Director of the Bureau of Prisons that the defendant is not a

danger to the safety of any other person or the community . . . ."

## 2.  Analysis

Mr. Chavez-Cadenas seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based

on the COVID-19 pandemic.  Doc. 1320 at 2.  He argues that his medical conditions and age

place him at higher risk for contracting COVID-19.  *Id.*  The government contends the court is

without jurisdiction to decide Mr. Chavez-Cadenas's motion because he has failed to exhaust his

administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires.  Doc. 1321 at 2.

The court agrees with the government.  Mr. Chavez-Cadenas's motion fails to show he

has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion" on his behalf or that 30 days have elapsed since he submitted a request for a motion to

the warden.  18 U.S.C. § 3582(c)(1)(A).  Indeed, Mr. Chavez-Cadenas does not inform the court

whether he has requested a motion from BOP.  Without this information, the court lacks

jurisdiction to decide his motion.  The court thus dismisses Mr. Chavez-Cadenas's motion (Doc.

1320).  *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to

modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also*

*White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the

merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a

statutory exception).

### C.  Motion for Sentence Reduction under the First Step Act (Doc. 1322)

Next, Mr. Chavez-Cadenas asserts he is entitled to a reduced sentence under the First

Step Act.  In support, he describes educational programs he has completed, prison jobs he has

held, and his religious involvement.  He argues his engagement in various productive activities

and prison program certificates entitle him to a reduction time credit, thus changing his release

date to sometime in June 2030.  Doc. 1322 at 5.  The government opposes Mr. Chavez-

Cadenas's request.  Doc. 1323.  While the court recognizes and commends Mr. Chavez-

Cadenas's accomplishments, both educational and occupational, the court cannot grant the relief

he seeks.  For reasons explained below, the court dismisses Mr. Chavez-Cadenas's motion.

Because Mr. Chavez-Cadenas challenges BOP's allocation of credits under the First Step

Act—and thus how BOP has implemented his sentence—the court construes Mr. Chavez-

Cadenas's motion as a petition for habeas corpus under 28 U.S.C. § 2241.  *Smith v. Furlong*, 55

F. App'x 894, 894–95 (10th Cir. 2003) (construing motion as a § 2241 petition "because [it]

challenged] the implementation of [the] sentence, rather than the validity of the underlying

conviction"); *United States v. Ramirez*, No. 13-10140-02-JWB, 2020 WL 263582, at *1 (D. Kan.

Jan. 17, 2020) (construing defendant's motion challenging sentence time credits as one under § 2241); *United States v. Parrett*, No. 01-CR-168-JPS, 2019 WL 1574815, at *2 (E.D. Wis. Apr. 11, 2019) ("[W]hen the good-time provisions of the [First Step] Act do go into effect, the proper vehicle for [the prisoner] to use to request relief (after exhausting administrative remedies) would be a petition for habeas corpus under . . . § 2241"). And, as a § 2241 petition, the court must dismiss the motion because Mr. Chaves-Cadenas did not file his petition in the correct jurisdiction nor has he exhausted his administrative remedies. The court explains these reasons for dismissal in the next two subsections.

### 1. Jurisdiction

Construing Mr. Chavez-Cadenas's motion as one made under § 2241, the court finds he must file his motion in the judicial district where he is incarcerated against "the person who has custody" over him. *Parrett*, 2019 WL 1574815, at *2 ("As a general rule, jurisdiction [for a § 2241 petition] 'lies in only one district: the district of confinement.'" (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004))); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("A [§ 2241 petition] . . . must be filed in the district where the prisoner is confined." (citation omitted)). Mr. Chavez-Cadenas currently is incarcerated in the Western District of Michigan. The District of Kansas is not Mr. Chavez-Cadenas's district of confinement, and, accordingly, the court dismisses Mr. Chavez-Cadenas's motion without prejudice because it lacks jurisdiction over it.

### 2. Exhaustion

Even if Mr. Chavez-Cadenas had filed his motion in the appropriate court, a federal prisoner generally must exhaust available administrative remedies before filing a 28 U.S.C. § 2241 habeas petition. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *see also Rizzolo*

*v. Puentes*, No. 1:19-cv-00290-SKO (HC), 2019 WL 1229772, at *2 (E.D. Cal. Mar. 15, 2019) ("[T]he exhaustion requirement is not a 'jurisdictional prerequisite,'" and thus "is subject to waiver in § 2241 cases." (quoting *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012))). Accordingly, our Circuit has "occasionally waived exhaustion requirements where irreparable harm would otherwise result." *Steck v. Chester*, 393 F. App'x 558, 560 (10th Cir. 2010); *see also Staples v. Maye*, 711 F. App'x 866, 867 (10th Cir. 2017) (explaining that inmates also "need not exhaust their administrative remedies if they can show that exhaustion would have been futile.").

But here, Mr. Chavez-Cadenas never contends that he will suffer irreparable harm because his release date either is imminent or has passed. Indeed, he calculates his release date—after applying the credits to which he contends he is entitled—is sometime during June 2030. Doc. 1322 at 5. The court thus concludes that the irreparable harm exception doesn't apply here.

Because Mr. Chavez-Cadenas has not shown the requisite irreparable harm, he must comply with exhaustion requirements. But Mr. Chavez-Cadenas doesn't assert that he has made any attempt to resolve his claims with BOP. Nor does he allege that he has complied with the multi-stage BOP Administrative Remedy Program under 28 C.F.R. §§ 542.10–19. The court thus concludes, alternatively, that it must dismiss Mr. Chavez-Cadenas's motion for lack of exhaustion.

### III.    Conclusion

As explained above, the court, *first*, dismisses Mr. Chavez-Cadenas's Motion for Downward Departure (Doc. 1317) because it lacks jurisdiction to adjudicate a successive motion under 28 U.S.C. § 2255. The court also holds that it will not serve the interests of justice to

transfer the motion to the Tenth Circuit, so it declines to transfer the motion.  The court likewise declines to issue a certificate of appealability.  *Second*, the court lacks jurisdiction over Mr. Chavez-Cadenas's Motion for Compassionate Release under the First Step Act (Doc. 1320).  Mr. Chavez-Cadenas has failed to demonstrate he has exhausted all administrative rights to appeal to the Bureau of Prisons.  The court thus dismisses the motion without prejudice for lack of jurisdiction.  *Last*, construing Mr. Chavez-Cadenas's motion seeking a sentence reduction under the First Step Act (Doc. 1322) as a § 2241 petition, the court dismisses this motion because Mr. Chavez-Cadenas has filed it in the wrong forum.  The court lacks jurisdiction to decide the motion and dismisses it without prejudice.  But even if Mr. Chavez-Cadenas properly had filed this motion in the District of Kansas, the court would dismiss it because Mr. Chavez-Cadenas has failed to demonstrate he exhausted available administrative remedies.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Hugo Chavez-Cadenas's Motion for Downward Departure (Doc. 1317) and Motion for Compassionate Release under the First Step Act (Doc. 1320) are dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED THAT** defendant Hugo Chavez-Cadenas's Motion for Sentence Reduction (Doc. 1322) is dismissed without prejudice because this court lacks jurisdiction to decide the motion.

**IT IS SO ORDERED.**

**Dated this 5th day of May, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**