# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| | **Case No. 09-20005-10-DDC** |
| **v.** | |
| **HUGO CHAVEZ-CADENAS (10),** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

This matter comes before the court on prisoner Hugo Chavez-Cadenas's Amended

Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 1326). Mr. Chavez-

Cadenas seeks a sentence reduction to time served because of the COVID-19 pandemic. *Id.* at 1.

The government has responded (Doc. 1329), and Mr. Chavez-Cadenas filed a Reply (Doc. 1330).

Mr. Chavez-Cadenas filed a *pro se* Supplement to the Reply (Doc. 1331).[1] For reasons

explained below, the court denies Mr. Chavez-Cadenas's motion.

### I.    Background

In January 2009, a grand jury returned a 16-count Superseding Indictment charging Mr.

Chavez-Cadenas with conspiring to distribute more than 500 grams of methamphetamine and

using a cellular telephone to facilitate the offense. Doc. 54 at 3–4, 8. If proved beyond a

reasonable doubt, these charges violate 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 843(b), and

---

[1]      The Tenth Circuit has explained a district court is within its discretion not to consider pro se filings from represented defendants. *See United States v. Dunbar*, 718 F.3d 1268, 1278 (10th Cir. 2013) (citing *United States v. Jarvi*, 537 F.3d 1256, 1262 (10th Cir. 2008) (court has discretion to refuse to consider pro se motion submitted by defendant with counsel)). Here, Mr. Chavez-Cadenas is represented by counsel who entered an appearance on behalf of Mr. Chavez-Cadenas (Doc. 1325). Defense counsel filed his Motion for Compassionate Release (Doc. 1326) and Reply (Doc. 1330). The court considers Mr. Chavez-Cadenas's Supplement and determines it does not affect its analysis.

846.  *Id.* at 4, 8.  In January 2010, Mr. Chavez-Cadenas pleaded guilty to the conspiracy charge. Doc. 582.  The Presentence Investigation Report ("PSR") calculated a total offense level of 42 and a criminal history category of I, producing a Guidelines sentencing range of 360 months to life imprisonment.  Doc. 880 at 24 (PSR ¶ 119).

In June 2010, the court sentenced Mr. Chavez-Cadenas to 360 months' imprisonment followed by five years of supervised release.  Doc. 892.  In February 2015, the court reduced Mr. Chavez-Cadenas's custody sentence to 292 months because of amendments to the Guidelines range.  Doc. 1084.  This 292-month sentence reflected the bottom rung of the guideline range. *Id.*

Mr. Chavez-Cadenas asserts that he currently is incarcerated at North Lake Correctional Facility in Baldwin, Michigan ("North Lake").  Doc. 1326 at 1.  He asserts that North Lake has had 106 COVID-19 infections and two inmate deaths from the virus.  *Id.* at 2.  He contends he "has a verified history of high blood pressure and diabetes" and his "medical records confirm that [he] has hypertension, diabetes, and high cholesterol."  *Id.* at 3.  Mr. Chavez-Cadenas asserts he is at a higher risk of complications from COVID-19 due to his chronic health conditions.  *Id.* at 4.  Mr. Chavez-Cadenas has served 135 of his 292-month sentence.  *Id.* at 2.  He is scheduled for release on January 23, 2030.  *Id.*

## II.      Legal Standard

Binding authority from our Circuit establishes that a "'district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"  *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  Title 18 U.S.C. § 3582(c)—commonly called the compassionate release statute—permits a court to modify a

2

term of imprisonment but only if certain exceptions apply.  For many years, these exceptions required the Bureau of Prisons ("BOP") to bring a motion on a defendant's behalf.  But in 2018, the First Step Act modified the compassionate release statute, and authorized a defendant to file his own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194, 5239 (2018).  This amendment authorized an inmate to make such a motion, but only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

Mr. Chavez-Cadenas asserts he has exhausted his BOP remedies because he submitted a request to his warden on May 7, 2020, and more than 30 days elapsed between asking the warden for compassionate release and filing his motion in federal court on July 9, 2020.  Doc. 1326 at 8.  The government concedes that Mr. Chavez-Cadenas has exhausted his administrative remedies.  Doc. 1329 at 3.

Some courts have concluded § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. *See, e.g.*, *United States v. Walker*, No. 13-10051-EFM, 2020 WL 2101369, at *2 (D. Kan. May 1, 2020) ("The administrative exhaustion requirement is jurisdictional and cannot be waived."); *United States v. Read-Forbes*, 454, F. Supp. 3d 1113, No. 12-20099-01-KHV, 2020 WL 1888856, at *3–4 (D. Kan. Apr. 16, 2020) (deciding that exhaustion requirement is jurisdictional based on text, context, and relevant historical treatment of § 3582(c)'s various subsections).  But, as explained next, other courts have concluded § 3582(c)(1)(A)'s exhaustion requirement is a claim-processing rule and not jurisdictional.  The court adopts the claim-processing approach.

In *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit treated § 3582(c)(1)(A)'s exhaustion requirement as a claim-processing rule, not a jurisdictional bar.  *Id.*

at 832–34.  Although claim-processing rules don't implicate the court's subject matter jurisdiction, the court must enforce them when properly invoked.  *Id.* at 833.  But, if not invoked, claim-processing rules are subject to waiver and forfeiture.  *Id.* at 834; *see also United States v. Spaulding*, 802 F.3d 1110, 1130–34 (10th Cir. 2015) (Gorsuch, J., dissenting) (explaining why "§ 3582(c) doesn't strip the district court of any of its preexisting post-judgment jurisdiction and is instead and again a claim-processing rule").

The Tenth Circuit hasn't yet decided whether § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional.  So, the court must predict how our Circuit would decide the question.  The court finds the Sixth Circuit's decision highly persuasive and the court predicts the Tenth Circuit would adopt its reasoning.  Consistent with *Alam*, the court treats § 3582(c)(1)(A)'s exhaustion requirement as a claim-processing rule.

Because Mr. Chavez-Cadenas waited 30 days after asking his warden to file a motion in federal court, he has satisfied the exhaustion requirement of § 3582(c)(1)(A).  And, even if he hasn't, the government appears to have waived any objections to the exhaustion requirement.  So, the court now turns to the substance of Mr. Chavez-Cadenas's motion.

## III.    Discussion

### A.  The court exercises its discretion when deciding whether "extraordinary and compelling reasons" exist.

Section 3582(c)(1)(A) authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement is found in the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. *United States v. Beck*, 425 F. Supp. 3d 573, 578 (M.D.N.C. 2019). As pertinent here, this policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "[e]xtraordinary and compelling reasons warrant the reduction," (2) "[t]he defendant is not a danger to the safety of any other person or the community," and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth below" in (A) through (D). *Id.* § 1B1.13 application notes 1. Subdivision (A) of Note 1 provides that the medical condition of a prisoner may qualify him for compassionate release, if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover. *Id.* § 1B1.13 application notes 1(A). Subdivisions (B) and (C) apply to age and family circumstances not invoked here. Subdivision (D) supplies a catchall provision: it applies when as determined by the "Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13 application notes 1(D).

Mr. Chavez-Cadenas plainly does not qualify under two of the four subdivisions in Note 1. He doesn't qualify under either of the two prongs described in Subdivision (A). Nothing suggests Mr. Chavez-Cadenas "is suffering from a terminal illness"—prong (i)—or, as prong (ii) requires, that he has contracted a "serious physical or medical condition" and he "is not expected

to recover from" it.[2]  § 1B1.13 application notes 1(A).   He is not 65 years old (Subdivision (B))
and nothing suggests that the "family circumstances" provisions addressed in Subdivision (C)
applies.

      This leaves Subdivision (D).  The guidance in this subsection advises that § 1B1.13
applies when "[a]s determined by the Director of the Bureau of Prisons, there exists in the
defendant's case an extraordinary and compelling reason other than, or in combination with, the
reasons described in subdivisions (A) through (C)" of application note 1.[3]  *Id.* § 1B1.12
application notes 1(D).

      A few courts have ruled that only the BOP may invoke the catchall provision of
subdivision (D).  *United States v. Jackson* summarized the reasoning of one such decision:

> Congress gave the Sentencing Commission the mandate to decide what constitutes
> an extraordinary and compelling reason; the [First Step Act] did not expand the
> criteria for finding such a reason, but merely allowed defendants to file motions;
> there can be no relief under this statute without consistency with the policy
> statement; and the policy statement does not presently provide for a court
> determination of other reasons.

*United States v. Jackson*, No. 08-20150-02-JWL, 2020 WL 2812764, at *3 (D. Kan. May 29,
2020), *reconsidered on other grounds by* 2020 WL 4284312 (D. Kan. July 27, 2020) (citing
*United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019)).
But an "overwhelming majority of courts" have rejected this approach.  *Id.*  They instead have

---

[2]      Prong (ii) also applies to "serious functional or cognitive impairment" and "deteriorating physical
or mental health because of the aging process."  § 1B1.13 application notes 1(A)(ii).  Mr. Chavez-
Cadenas's motion does not invoke these alternatives.

[3]      As explained above, in Section II, § 3582 used to permit the BOP—but not inmates—to file a
compassionate release motion.  But the First Step Act broadened § 3582, so an inmate now can file a
motion.  *See* First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194, 5239 (2018).
The Sentencing Commission hasn't revised § 1B1.13 of the Guidelines since that amendment and so, the
language used in this Guidelines provision still requires a motion by the BOP.  *See United States v.
Jackson*, No. 08-20150-02-JWL, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020), *reconsidered on
other grounds by* 2020 WL 4284312 (D. Kan. July 27, 2020).

"concluded that a court may make the necessary determination that other circumstances warrant relief under this statute." *Id.* (citations omitted).  In other words, "[w]hile the old policy statement provides helpful guidance, it does not constrain the [c]ourt's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also Jackson*, 2020 WL 2812764, at *3 (assuming, for purposes of deciding the motion, the court is not limited to circumstances set forth in subdivisions (A) through (C)); *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020) ("In the wake of the First Step Act, numerous courts have recognized the court can determine whether extraordinary and compelling reasons exist to modify a sentence—and may do so under the 'catch all' provision . . . ."); *United States v. Cantu*, 423 F. Supp. 3d 345, 352 (S.D. Tex. 2019) (concluding that the correct interpretation of § 3582(c)(1)(A) is that when a defendant brings a motion for a sentence reduction under the amended provision, the court can determine whether extraordinary and compelling reasons— outside those delineated in subdivisions (A)–(C)—warrant granting relief).

The court joins this prevailing view, concluding that it may decide whether "extraordinary and compelling reasons" warrant compassionate release.

### B. Mr. Chavez-Cadenas has not established that "extraordinary and compelling reasons" warrant compassionate release.

Mr. Chavez-Cadenas contends he has "high blood pressure and diabetes," increasing his risk of complications or death should he contract COVID-19.  Doc. 1326 at 3–4.  He reports "concerns with decreased mobility in his hands and feet, presumably due to diabetes-related edema." *Id.* at 4.  The government's response notes that Mr. Chavez-Cadenas's medical records "show that he was taking medication for those illnesses [and] he was very compliant with his

medication." Doc. 1329 at 4. The government concedes type 2 diabetes and hypertension may increase the risk of complications from COVID-19. *Id.* at 6.

To be sure, it is regrettable that Mr. Chavez-Cadenas is incarcerated during this pandemic. It is also regrettable that he suffers from diabetes, hypertension, and high cholesterol. But the court isn't convinced that these conditions qualify him for release. The court reaches this conclusion "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable"—the rubric § 3582(c)(1)(A) instructs the court to follow. Four of those statutory sentencing factors are particularly germane here. The next four paragraphs discuss them.

### 1. Nature and Circumstances of the Offense

Between April 6, 2008 and September 13, 2008, Mr. Chavez-Cadenas participated in extensive conversations involving drug transactions involving methamphetamine. Doc. 582-1 at 4–8 (Non-Cooperation Plea Agreement). The Drug Enforcement Agency (DEA) conducted an investigation into the Kansas City cell of a drug trafficking organization. *Id.* at 3. The intercepts by the DEA revealed Mr. Chavez-Cadenas communicated extensively with co-conspirators to traffic and distribute methamphetamine. The communications included at least one transaction involving Mr. Chavez-Cadenas and a suspected quantity of 10 pounds. *Id.* at 7 ¶ 21. After listening to the communications, the DEA connected Mr. Chavez-Cadenas to the conspiracy. *Id.*

To conclude with the obvious, Mr. Chavez-Cadenas committed a serious felony offense. The nature and circumstances of this offense do not favor Mr. Chavez-Cadenas's motion.

### 2. History and Characteristics of the Defendant

Before this conviction, Mr. Chavez-Cadenas had minimal criminal history. Doc. 880 at 20 (PSR ¶ 98). Mr. Chavez-Cadenas previously was convicted for Re-Entry of a Deported Alien in March 2009. *Id.*

Mr. Chavez-Cadenas suffers from chronic conditions including diabetes, hypertension, and high cholesterol.  Because of his health condition and minimal criminal history, this factor favors Mr. Chavez-Cadenas's request.

### 3. The Need for the Sentence to Reflect the Offense's Seriousness, to Provide Just Punishment, and to Afford Adequate Deterrence to Criminal Conduct

When the court sentenced Mr. Chavez-Cadenas, it adhered to the statutory mandate that it impose a sentence that was "not greater than necessary."  Mr. Chavez-Cadenas received a significant but, in context, appropriate sentence.  Reducing that sentence by more than 50% would produce a sentence that no longer reflects the seriousness of Mr. Chavez-Cadenas's criminal conduct.  Likewise, such a reduced sentence no longer would furnish adequate deterrence to criminal conduct or provide just punishment.  These factors weigh against Mr. Chavez-Cadenas's motion.

### 4. The Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant

Reducing Mr. Chavez-Cadenas's sentence to the time he has served so far would reduce it well below the applicable Guidelines range.  No new circumstance justifies such a disparity.[4]

### C.  Conclusion

In sum, the pertinent sentencing factors in 18 U.S.C. § 3553(a) do not favor the reduction Mr. Chavez-Cadenas's motion seeks.  Indeed, the primary factor favoring his request is the fact that he regrettably suffers from diabetes and hypertension.  The court recognizes these conditions have the potential to increase the severity of the sentence beyond the 292 months already imposed.  *United States v. Mel*, No. CR TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr.

---

[4]     The court is mindful of the other factors identified by § 3553(a).  They are not pertinent, however, to the current motion.

28, 2020) ("The fact that Mel has been incarcerated . . . during a serious outbreak of COVID-19 inside the facility sufficiently increased the severity of the sentence beyond what was originally anticipated . . . .").  But these factors haven't increased the sentence's severity to the point where an approximately 135-month custody sentence is sufficient.  The court thus denies Mr. Chavez-Cadenas's Amended Motion to Reduce Sentence Pursuant 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 1326).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Chavez-Cadenas's Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 1326) is denied.

**IT IS SO ORDERED.**

**Dated this 8th day of October, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
