IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br> Plaintiff,<br><br>v.<br><br>**HUGO CHAVEZ-CADENAS (10),**<br><br> Defendant. | Case No. 09-20005-10-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on prisoner Hugo Chavez-Cadenas's pro se[1] Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 1333). This motion represents Mr. Chavez-Cadenas's third request for compassionate release citing the COVID-19 pandemic. *See* Docs. 1320, 1326. Mr. Chavez-Cadenas seeks a sentence reduction to time served, or home confinement in the alternative, because of the COVID-19 pandemic. *Id.* at 1. For the reasons explained below, the court dismisses Mr. Chavez-Cadenas's motion for lack of jurisdiction.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute[.]" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018). Section 3582(c)(1)(A) of Title 18 of the United States Code allows the court to modify a sentence upon a motion by defendant only after the defendant "has fully exhausted all

---

[1] Because Mr. Chavez-Cadenas filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Mr. Chavez-Cadenas's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"

This exhaustion requirement is jurisdictional and must be met before the court can consider the defendant's motion for compassionate release.[2] *See United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015) (finding "as a textual matter, that the relevant provisions of § 3582(c) operate[ ] as a clear and mandatory restriction on a court's authority" (citation and internal quotation omitted)); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *2–3 (D. Kan. Dec. 4, 2020) ("[T]he court is persuaded that our Circuit views the statute as jurisdictional" and "[i]ts requirements are not waivable."). In short, defendant must show he has exhausted administrative remedies before the court has jurisdiction. *See United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1117 (D. Kan. 2020) (dismissing motion for compassionate release because defendant failed to allege that "she exhausted administrative remedies or that 30 days has elapsed since she submitted a request for relief to the warden").

The court is without jurisdiction to consider Mr. Chavez-Cadenas's current motion. Mr. Chavez-Cadenas never alleges that he has submitted a request for compassionate release from the warden. So, Mr. Chavez-Cadenas has not alleged that 30 days has elapsed since he submitted a request for compassionate release to the warden of his facility or that he otherwise has satisfied the exhaustion requirements. *See* Doc. 1333. Thus, the court dismisses Mr. Chavez-Cadenas's motion for lack of jurisdiction.

---

[2] The court recognizes that it once viewed administrative exhaustion as a "claim-processing" rule. *See United States v. Chavez-Cadenas*, No. 09-20005-10-DDC, 2020 WL 5981682, at *2 (D. Kan. Oct. 8, 2020). But, after further review on the developing case law in our Circuit, the court has determined 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional. *See United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *2–3 (D. Kan. Dec. 4, 2020) (concluding that "[w]here a defendant moving under § 3582(c)(1)(A) fails to show that he satisfies the statute's requirements, the court must dismiss the motion for lack of jurisdiction.").

**IT IS SO ORDERED.**

**Dated this 11th day of December, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**