IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 09-20005-10-DDC |
| **HUGO CHAVEZ-CADENAS (10),** | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on Hugo Chavez-Cadenas's pro se[1] Motion for Reconsideration (Doc. 1339) titled "Petitioners Motion Reply The District Court Judge Denied His Motion Extraordinary Compassionate Release & 3582(C)(1)(A) to Fix-Unfair Sentence When No Other Avenue Exists (Reply and In Support His Reply The Judge Court.)[.]"[2] Mr. Chavez-Cadenas also filed a Memorandum in Support (Doc. 1340). The government has not filed a response and the time to do so has passed. Mr. Chavez-Cadenas asks the court to reconsider its October 8, 2020 Order (Doc. 1332) which denied Mr. Chavez-Cadenas's Amended

---

[1] Because Mr. Chavez-Cadenas filed his motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Mr. Chavez-Cadenas's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[2] Mr. Chavez-Cadenas calls his motion a "Reply" to the court's Order and explains that he challenges the court's Order of October 8, 2020. Doc. 1339 at 10; *see also* Doc. 1340 at 1. This Order (Doc. 1332) denied his Amended Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 1326). "The substance of the motion, not its form or label, controls its disposition." *United States v. Amado*, 841 F.3d 867, 871 (10th Cir. 2016) (affirming the district court's holding "construing the motion as one for reconsideration" rather than "an entirely new" motion to reduce sentence). Since no rule authorizes a "Reply" to a court order, the court construes Mr. Chavez-Cadenas's filing for what it is: a motion to reconsider the court's Order (Doc. 1332).

Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 1326).  For the following reasons, the court denies Mr. Chavez-Cadenas's current motion.

## I.     Legal Standard

"Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, motions to reconsider in criminal prosecutions are proper."  *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (internal citations and quotation marks omitted).  "A motion to reconsider is committed to the sound discretion of the district court," *Weaver v. City of Topeka*, 931 F. Supp. 763, 764 (D. Kan. 1996), and recognizes "the wisdom of giving district courts the opportunity promptly to correct their own alleged errors," *United States v. Dieter*, 429 U.S. 6, 8 (1976).  "D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders."  *United States v. Williams*, No. 09-40024-1-JAR, 2020 WL 7081738, at *2 (D. Kan. Dec. 3, 2020) (applying D. Kan. Rule 7.3(b) to motion to reconsider court's decision denying compassionate release).  A party seeking reconsideration of a non-dispositive order must file a motion "'within 14 days after the order is filed unless the court extends the time.'"  *United States v. Hollins*, No. 15-20100-JAR, 2021 WL 103017, at *1 (D. Kan. Jan. 12, 2021) (quoting D. Kan. Rule 7.3(b)); *see also United States v. Heath*, 846 F. App'x 725, 728 (10th Cir. 2021) (affirming, on alternative ground, district court's denial of motion to reconsider the denial of compassionate release because defendant filed motion 26 days after order).

A "party may seek reconsideration on the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  *Williams*, 2020 WL 7081738, at *2.  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that

previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

**II.    Analysis**

*First*, the court addresses the timeliness of Mr. Chavez-Cadenas's motion.  Our Circuit has held a defendant must file a motion to reconsider the court's denial of a motion under § 3582(c)(1) within 14 days—the time allowed to file an appeal.  *See Heath*, 846 F. App'x at 728 (citing *Randall*, 666 F.3d at 1242–43 (10th Cir. 2021)).  This deadline is the same one adopted in this court's local rules.  D. Kan. Rule 7.3(b) (governing motion to reconsider non-dispositive orders generally); *see also Williams*, 2020 WL 7081738, at *2 (applying D. Kan. Rule 7.3(b) to a motion to reconsider the court's order denying compassionate release).  The court denied Mr. Chavez-Cadenas's Amended Motion to Reduce Sentence (Doc. 1326) on October 8, 2020.  Doc. 1332.  Mr. Chavez-Cadenas signed his motion on January 7, 2021.  Doc. 1339 at 14.  Between the court's Order and Mr. Chavez-Cadenas's motion, 91 days passed.  To say the least, Mr. Chavez-Cadenas's motion is untimely.  And Mr. Chavez-Cadenas's filings do not explain this delay.  *See* Docs. 1339, 1340.  The court thus denies Mr. Chavez-Cadenas's motion for this reason.  *See Randall*, 666 F.3d at 1243 (affirming district court's denial of defendant's motion to reconsider because defendant "filed his motion for reconsideration . . . fifty-five days after the period for appeal ended").

*Second*, and as an alternative and independent reason for this result, Mr. Chavez-Cadenas fails to present any proper argument for a motion to reconsider.  Mr. Chavez-Cadenas doesn't identify any change in the law, new evidence that was not available when he filed his Amended Motion to Reduce Sentence (Doc. 1326), clear error, or manifest injustice.[3]  *See* D. Kan. Rule

---

[3]    Mr. Chavez-Cadenas filed his fourth Motion for Compassionate Release (Doc. 1337) less than ten days before filing this current motion.  He fails to make any argument that a failure to reconsider the

3

7.3(b) (listing reasons for a motion to reconsider). Instead, Mr. Chavez-Cadenas argues that the court should grant his motion for compassionate release because his counsel failed to represent him adequately when she filed his Amended Motion to Reduce Sentence (Doc. 1326). Doc. 1340 at 2. And, he argues, the court should grant compassionate release because of his health conditions and because he received a longer sentence than his co-defendants. *See* Doc. 1339 at 3 (comparing Mr. Chavez-Cadenas's sentence with his co-conspirators); *see also id.* at 10 ("Mr. Chavez suffers from chronic conditions including Diabetes Type II Uncontrolled with underlying hypertension and high blood pres[s]ure . . . ."). The court addresses each argument, in turn, below.

The court first considers Mr. Chavez-Cadenas's ineffective assistance of counsel argument. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *cf. United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion."). So, a defendant "cannot claim that he received ineffective assistance of counsel in his § 3582 proceedings." *United States v. Carrillo*, 389 F. App'x 861, 863 (10th Cir. 2010) (first citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (explaining that defendant had no constitutional right to counsel in habeas proceeding, so he couldn't claim constitutionally ineffective assistance of counsel); then citing *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982) (per curiam) (holding defendant "had no constitutional right to counsel, [so] he could not be deprived of the effective assistance of counsel")). In sum, Mr. Chavez-Cadenas wasn't entitled to counsel so he can't complain about the quality of her work.

---

court's previous Order causes manifest injustice that filing a new motion for compassionate release cannot fix.

Mr. Chavez-Cadenas argues counsel provided inadequate assistance and so this court should use its discretion and grant Mr. Chavez-Cadenas's motion for compassionate release. Doc. 1340 at 7.  He asserts that his counsel explained he would not have to continue the administrative remedy process after denial of his compassionate release request because counsel would argue exhaustion was not necessary in his motion to the court.  *Id.* at 2 (asserting his counsel called him and "e[x]plained to Mr. Chavez TO-STOP-THE-PROCESS-BOP-Administrative Remedy 3er Step-to-sender the General Counsel" because it was not necessary and counsel would "fix-that argument in your" motion).  But, he fails to explain how the court can consider this argument when he had no constitutional right to counsel when seeking relief under § 3582(c)(1)(A)(i).  *See Carrillo*, 389 F. App'x at 863.

Even if the court considers the ineffective assistance argument, his counsel's alleged error did not affect the court's Order denying compassionate release (Doc. 1332).  For an ineffective assistance of counsel claim, a defendant must show (1) "counsel's performance was deficient" and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Mr. Chavez-Cadenas argues his attorney erred by telling him not to continue BOP's appeal process after the warden had denied his compassionate release request.  Doc. 1340 at 3.  But the court denied Mr. Chavez-Cadenas's Amended Motion to Reduce Sentence because § 3553(a)'s sentencing factors did not weigh in favor of his request. Doc. 1332 at 8–10.  Consequently, the alleged error by Mr. Chavez-Cadenas's counsel didn't influence the reason the court denied his motion.

The court next considers Mr. Chavez-Cadenas's argument that his health conditions and high sentence support compassionate release.  "A proper motion to reconsider does not simply state facts previously available or make arguments previously made." *See United States v.*

5

*Amado*, 841 F.3d 867, 871 (10th Cir. 2016).  Mr. Chavez-Cadenas argues the court should grant compassionate release because of his health conditions in light of the COVID-19 pandemic and the sentencing disparity between himself and his co-defendants.  Essentially, he re-argues § 3553(a)'s sentencing factors.  *See* Doc. 1339.  But Mr. Chavez-Cadenas could have raised both of these arguments in his original motion.  He has not made a proper argument for a motion to reconsider, and thus, the court denies his motion.

### III.    Conclusion

The court denies Mr. Chavez-Cadenas's Motion for Reconsideration (Doc. 1339) for the reasons explained in this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Hugo Chavez-Cadenas's Motion to Reconsider (Doc. 1339) is denied.

**IT IS SO ORDERED.**

**Dated this 24th day of August, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
