IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HUGO CHAVEZ-CADENAS (10),<br><br>　　　　Defendant. | Case No. 09-20005-10-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on Hugo Chavez-Cadenas's pro se[1] Motion for Compassionate Release (Doc. 1337). This is Mr. Chavez-Cadenas's fourth motion seeking relief under 18 U.S.C. § 3582(c)(1)(A) and citing the COVID-19 pandemic. *See* Docs. 1320, 1326, and 1333. Mr. Chavez-Cadenas asks the court to reduce his sentence to time served or, in the alternative, for home confinement. Doc. 1337 at 16. The government filed a Response (Doc. 1341) and Mr. Chavez-Cadenas filed a Reply (Doc. 1342). Mr. Chavez-Cadenas filed two Supplements (Docs. 1343, 1346) and his family filed a Supplement (Doc. 1345) in support of his motion. For the following reasons, the court denies Mr. Chavez-Cadenas's motion.

**I.　Background**

On January 26, 2010, Mr. Chavez-Cadenas pleaded guilty to conspiring to distribute and possess with intent to distribute more than five hundred grams of a methamphetamine mixture,

---

[1] Because Mr. Chavez-Cadenas filed his motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Mr. Chavez-Cadenas's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846.  Doc. 582-1 at 1.  The court sentenced Mr. Chavez-Cadenas to 360 months' imprisonment and five years' supervised release.  Doc. 892 at 2–3.  In February 2015, the court reduced Mr. Chavez-Cadenas's sentence to 292 months' imprisonment—"the low end of the amended guidelines range[.]"  Doc. 1084 at 1.  Today, Mr. Chavez-Cadenas's projected release date is January 23, 2030.  *See* Hugo Chavez-Cardenas (Reg. No. 17388-112) (last visited Aug. 17, 2021) https://www.bop.gov/inmateloc/.[2]

## II.     Legal Standard for Compassionate Release

The court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Maumau*, 993 F.3d 821, 830–31 (10th Cir. 2021) (reviewing § 3582(c)(1)'s history, text, and requirements).  The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable."  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Just recently, the Tenth Circuit issued a published opinion holding that it does not view the "extraordinary and compelling" requirement in § 3582(c)(1)(A) as jurisdictional.  *See United States v. Hald*, ___ F.4th ___, 2021 WL 3439012, at *6 n.7 (10th Cir. Aug. 6, 2021) (declining

---

[2] The Federal Bureau of Prison ("BOP") lists Mr. Chavez-Cadenas as "Hugo Chavez-Cardenas" on its website.  *See* Hugo Chavez-Cardenas (Reg. No. 17388-112) (last visited Aug. 13, 2021) https://www.bop.gov/inmateloc/.  But, according to Mr. Chavez-Cadenas's Second Amended Presentence Investigation Report ("PSR"), Mr. Chavez-Cadenas's register number is 17388-112.  *See* Doc. 880 at 3.

"to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").[3]  The court now applies this standard to Mr. Chavez-Cadenas's motion.

### III.     Analysis

#### a.  Exhaustion or Lapse

The court first addresses the exhaustion or lapse requirement in the "administrative rights" aspect of § 3582(c)(1)(A).  Mr. Chavez-Cadenas argues the court should exercise its discretion to excuse the exhaustion requirement because his counsel allegedly told him that he didn't need to complete BOP's administrative process.  *See* Doc. 1337 at 4.  The government concedes Mr. Chavez-Cadenas has exhausted his administrative remedies because the warden denied Mr. Chavez-Cadenas's June 8, 2020 compassionate release request.  Doc. 1341 at 10 n.5 (explaining "the defendant requested compassionate release from the Warden on June 8, 2020, which was denied").  Notwithstanding the government's concession, the court considers whether Mr. Chavez-Cadenas has established exhaustion or lapse before it evaluates § 3582(c)(1)(A)'s other requirements.

A prisoner may file a motion for compassionate release with the court "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, or the passage of 30 days from the defendant's unanswered request to the warden for such relief."  *Maumau*, 993 F.3d at 830.  About three weeks ago, the Tenth Circuit explained that it

---

[3]     *Hald* appears to abrogate earlier, unpublished Tenth Circuit opinions addressing this particular jurisdictional question.  *See United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." (internal quotation marks omitted)); *see also United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." (internal quotation marks and citation omitted)).

has "not decided whether the exhaustion requirement should be treated as jurisdictional or as a claims-processing rule." *United States v. Akers*, ___ F. App'x ___, 2021 WL 3508351, at *1 (10th Cir. Aug. 10, 2021) (affirming district court's denial of compassionate release because prisoner had failed to exhaust administrative remedies after the government raised the exhaustion issue). Other recent, unpublished opinions treat administrative exhaustion as a mandatory claims-processing rule. *See United States v. Watson*, 851 F. App'x 136, 137 (10th Cir. 2021) ("This court has not issued a binding decision on whether exhaustion under § 3582(c)(1)[(]A) is a jurisdictional requirement, but unpublished decisions indicate that exhaustion is a mandatory claim-processing rule." (citing cases)); *see also United States v. Avalos*, No. 20-3194, 2021 WL 1921847, at *2 n.2 (10th Cir. May 13, 2021) ("Although this court has not ruled on the issue, our unpublished decisions only indicate that exhaustion is a mandatory claim-processing rule."). Yet, other unpublished Circuit opinions have explained that a "failure to exhaust" administrative remedies deprives the court of subject matter jurisdiction. *United States v. Salcido*, 849 F. App'x 230, 231–32 (10th Cir. 2021) (vacating district court's order denying compassionate release and remanding "with instructions to dismiss [defendant's motion] for lack of jurisdiction" because defendant failed to exhaust administrative remedies); *see also United States v. Gieswein*, 832 F. App'x 576, 577–78 (10th Cir. 2021) (affirming district court's dismissal of compassionate release motion because defendant failed "to meet the statute's exhaustion requirements" and holding that district court "properly dismissed" his motion).

Mr. Chavez-Cadenas alleges exhaustion because he filed a request with the warden and the warden denied it. *See* Doc. 1337-1 at 4 (warden's undated denial letter). Mr. Chavez-Cadenas then filed an administrative remedy form with the regional office on June 8, 2020. *See* Doc. 1337-1 at 3 (letter to regional office requesting compassionate release based on the

COVID-19 pandemic and citing warden's denial letter).  Mr. Chavez-Cadenas contends the regional office did not respond to his request within 30 days.  *See id.* ("Regional Office No Respond before 30-days . . . .").  After his request to the regional office, Mr. Chavez-Cadenas contends he filed an administrative remedy form with BOP's General Counsel on July 4, 2020.  Doc. 1342 at 4; *see also* Doc. 1337-1 at 2 (letter dated July 4, 2020, directed to the BOP's Central Office).

The court concludes that Mr. Chavez-Cadenas's filings warrant a finding that he has exhausted his administrative remedies.[4]  *See Patel v. Fleming*, 415 F.3d 1105, 1108–09 (10th Cir. 2005) (explaining requirements of administrative exhaustion by federal inmate (first citing 28 C.F.R. Part 542; then citing BOP Program Statement (2002)).  To decide the current motion, the court need not decide whether to adopt the jurisdictional view or, instead, the claims-processing alternative.  Mr. Chavez-Cadenas has satisfied § 3582(c)(1)(A)'s exhaustion requirement.  So, the court now considers whether Mr. Chavez-Cadenas has established extraordinary and compelling reasons for release.

### b. Extraordinary and Compelling

Mr. Chavez-Cadenas contends his health conditions present extraordinary and compelling circumstances during the COVID-19 pandemic.  He cites his Type II Diabetes, hypertension, high blood pressure, cerebrovascular disease, obesity, hyperlipidemia, an endocrine disorder, chronic back pain, a respiratory condition, mobility issues in his hands, and hypothyroidism.  *See* Doc. 1337 at 1; Doc. 1342 at 6; Doc. 1343 at 1; Doc. 1346 at 2.  He also cites his age, 51 years, Doc. 1337 at 3, and poor medical care while in custody, *see* Doc. 1346 at 2–4.  Mr. Chavez-

---

[4]  If exhaustion is a claims-processing rule, the government has waived the defense by conceding that Mr. Chavez-Cadenas has shown exhaustion.  *See* Doc. 1341 at 10; *see also Avalos*, 2021 WL 1921847, at *2 n.2 (explaining that a party may waive or forfeit a mandatory claims-processing requirement).

Cadenas also appears to argue he suffers from health risks arising from his Johnson & Johnson COVID-19 vaccine which, he contends, increases his risk of Guillain-Barre Syndrome. *See* Doc. 1346 at 1–2; *see also* Doc. 1345 at 1 (Mr. Chavez-Cadenas's son sent a letter in support of Mr. Chavez-Cadenas's motion which asserts Mr. Chavez-Cadenas has received a COVID-19 vaccine). The government notes that Mr. Chavez-Cadenas's medical records confirm that he has a history of diabetes, hypertension, and obesity. Doc. 1341 at 18 (citing Doc. 1337-1 at 8–18 (Mr. Chavez-Cadenas's attached medical records)). The government concedes that Mr. Chavez-Cadenas's medical conditions constitute "extraordinary and compelling reasons pursuant [to] CDC and/or DOJ guidelines[.]" Doc. 1341 at 18. The court agrees.

The CDC has recognized certain medical conditions increase a person's risk of severe complications from COVID-19. *See People with Certain Medical Conditions*, CDC (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The CDC notes that chronic lung disease, Type II Diabetes, heart conditions (including hypertension), obesity, and cerebrovascular disease "can make [an individual] more likely to get severely ill from COVID-19." *Id.* The court thus assumes that Mr. Chavez-Cadenas's combined medical conditions present extraordinary and compelling reasons in light of the COVID-19 pandemic.[5] So, the court next considers whether § 3553(a)'s sentencing factors favor the relief Mr. Chavez-Cadenas seeks.

---

[5] The Circuit has refused to consider a defendant's vaccination status when deciding the extraordinary and compelling question. *See Hald*, 2021 WL 3439012, at *1 n.2 (noting "there is certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons'" (citing *United States v. Baeza-Vargas*, ___ F. Supp. 3d ___, 2021 WL 1250349, at *3–4 (D. Ariz. Apr. 5, 2021))).

c. **Sentencing Factors in § 3553(a)**

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467 at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

Here, Mr. Chavez-Cadenas asks the court to modify his sentence by reducing it to time served. Doc. 1337 at 16. Or, alternatively, he suggests a term of home confinement. *Id.* The government asserts that granting Mr. Chavez-Cadenas's request "would diminish the nature and seriousness of his offense and the need for his sentence to continue to provide just punishment and otherwise promote respect for the law." Doc. 1341 at 20. In June 2010, the court sentenced Mr. Chavez-Cadenas to 360 months' imprisonment and a term of five years' supervised release. Doc. 892 at 2. In February 2015, the court reduced Mr. Chavez-Cadenas's sentence to 292 months—"the low end of the guidelines range[.]" Doc. 1084 at 1. Today, his projected release date is 101 months away. *See* Hugo Chavez-Cardenas (Reg. No. 17388-112) (last visited Aug. 17, 2021) https://www.bop.gov/inmateloc/. This remainder represents about 34% of his remaining sentence. Where the court previously has granted relief under § 3582(c)(1)(A) during the COVID-19 pandemic, defendants sought sentence modifications far less substantial.[6] And

---

[6] *See, e.g.*, *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting § 3582(c)(1)(A) motion where roughly 5% of term of imprisonment remained

the court has held that a defendant's extraordinary and compelling circumstances, in light of § 3553(a), did not warrant relief far more modest than Mr. Chavez-Cadenas requests.[7]

To grant Mr. Chavez-Cadenas's motion significantly would reduce his sentence's severity. Replacing imprisonment with a corresponding period of home confinement can mitigate the extent that the sentence modification reduces the severity of the total sentence. *See United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020). But home confinement and imprisonment are not equivalents. *See United States v. Johnson*, 529 U.S. 53, 58–59 (2000) ("Though interrelated, the terms [of imprisonment and supervised release] are not interchangeable."). The court could justify replacing 34% of his custody component with home confinement but it would require a substantial shift in the court's analysis of the relevant § 3553(a) factors.

The circumstances here do not produce a shift substantial enough to support Mr. Chavez-Cadenas's sentence modification request. Certainly, the court's analysis of certain § 3553(a) factors has shifted since Mr. Chavez-Cadenas's sentencing. Under § 3553(a)(1), Mr. Chavez-Cadenas's health conditions and the risks he faces as a federal inmate during the COVID-19 pandemic support a lesser sentence than when the court sentenced him. Moreover, Mr. Chavez-Cadenas cites the time he has already served, his rehabilitative efforts, and good conduct while in custody. Doc. 1342 at 9; *see also id.* at 10 (completed education programs including paralegal studies, criminal law, family law, tort claim and his G.E.D.); *see also* 18 U.S.C. § 3553(a)(1)

---

and defendant already had transferred to a residential reentry center); *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020) (granting § 3582(c)(1)(A) motion where roughly 12% of term of imprisonment remained).

[7]     *See, e.g.*, *United States v. Wuellner*, No. 13-20031-01-DDC, 2021 WL 51024, at *2–3 (D. Kan. Jan. 6, 2021) (holding defendant's incarceration and health conditions during COVID-19 pandemic, though "extraordinary and compelling," were not sufficient given the § 3553(a) factors to warrant replacing the remaining 9% of defendant's term of imprisonment with home confinement).

(considering "the history and characteristics of the defendant").[8] But the court must weigh this new information against other facts relevant to the court's analysis of the sentencing factors.

Several significant factors that supported Mr. Chavez-Cadenas's original sentence continue to support a term of imprisonment longer than the time-served sentence he now seeks. *See, e.g.*, 18 U.S.C. § 3553(a)(1)–(2) (including "the nature and circumstances of the offense" and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). *See also* Doc. 1332 at 8–10 (concluding § 3553(a)'s sentencing factors did not support Mr. Chavez-Cadenas's requested relief). Mr. Chavez-Cadenas pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute More than 500 Grams of a methamphetamine mixture. Doc. 582-1 at 1. The Second Amended Presentence Investigation Report calculated the quantity of methamphetamine attributed to Mr. Chavez-Cadenas exceeded 1.5 kilograms. Doc. 880 at 19. And, Mr. Chavez-Cadenas occupied a "managerial" role in the conspiracy. *Id.* Reducing Mr. Chavez-Cadenas's sentence to time-served would not comport with the nature and circumstances of his offense. *See* 18 U.S.C. § 3553(a)(1). Nor would it adequately promote respect for the law or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2). The court thus denies Mr. Chavez-Cadenas's motion (Doc. 1337).

---

[8]     Mr. Chavez-Cadenas also cites his family circumstances to support his motion—*i.e.*, his 72-year old mother's deteriorating health. *See* 1342-1 at 7. The court may consider Mr. Chavez-Cadenas's family circumstances under § 3553(a)'s sentencing factors. *See United States v. Munoz-Nava*, 524 F.3d 1137, 1148 (10th Cir. 2008) (affirming district court's sentence which considered defendant's unique family circumstances to justify a downward departure in sentence); *see also* 18 U.S.C. § 3553(a)(1) (directing the court to consider "history and characteristics of the defendant"). While the court is sympathetic to Mr. Chavez-Cadenas's family circumstances, he fails to show why his mother's illness alters the court's analysis of § 3553(a)'s sentencing factors. *Cf. Munoz-Nava*, 524 F.3d at 1142–43 (considering defendant's "extraordinary" family circumstances—defendant's role as sole caregiver to his 8-year old child and ailing and elderly parents).

9

### IV.     Conclusion

Before the court may grant relief under 18 U.S.C. § 3582(c)(1)(A), Mr. Chavez-Cadenas must satisfy three requirements:  (1) extraordinary and compelling reasons warrant a sentence reduction; (2) the reduction is consistent with applicable policy statements by the Sentencing Commission; and (3) 18 U.S.C. § 3553(a)'s sentence factors support the requested sentence modification.  *See Hald*, 2021 WL 3439012, at *2.  If any requirement is not satisfied, then relief is not warranted under § 3582(c)(1)(A).  *See id.* at *6 (noting that a district court may deny a motion for compassionate release if defendant fails to satisfy any one of the requirements).  Mr. Chavez-Cadenas has not shown that § 3553(a)'s sentencing factors support the significant sentence reduction that he seeks.  The court thus denies Mr. Chavez-Cadenas's motion (Doc. 1337).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Hugo Chavez-Cadenas's Motion for Compassionate Release (Doc. 1337) is denied.

**IT IS SO ORDERED.**

**Dated this 24th day of August, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
