IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 09-20005-10-DDC |
| **HUGO CHAVEZ-CADENAS (10),** | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Hugo Chavez-Cadenas's Motion for Clarification of his sentence. Doc. 1358. Mr. Chavez-Cadenas contends the BOP incorrectly calculated his prison sentence because it did not factor in his time incarcerated in the Western District of Missouri for violating 8 U.S.C. § 1326(a), re-entry of a deported alien. *See* Doc. 1358. The government has responded to the defendant's motion. Doc. 1361. And Mr. Chavez-Cadenas filed a Reply to the government's Response and a Supplement. Docs. 1362 and 1363. For reasons explained below, the court dismisses Mr. Chavez-Cadenas's Motion for Clarification.

I.   Background

In 2008, Missouri State Highway Patrol arrested Mr. Chavez-Cadenas for an immigration violation. Doc. 880 at 16, 20 (PSR ¶¶ 72, 98). The United States District Court for

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

the Western District of Missouri sentenced him to time served and one year supervised release. *Id.* at 20 (PSR ¶ 98); *see also* Doc. 1361-1 at 1, 4.

On January 28, 2009, a federal grand jury in Kansas indicted Mr. Chavez-Cadenas for conspiracy to possess and distribute methamphetamine while in pretrial detention on his immigration violation charged in the Western District of Missouri.  Doc. 54.  On March 23, 2009, the Western District of Missouri ordered Mr. Chavez-Cadenas transported to the District of Kansas on his charge in the Kansas Indictment.  Doc. 249 at 1.  On January 26, 2010, Mr. Chavez-Cadenas pleaded guilty to knowingly and intentionally conspiring with others to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846.  Doc. 582 at 1–7.  Senior United States District Judge Kathryn H. Vratil sentenced Mr. Chavez-Cadenas to 360 months' imprisonment.  Doc. 892.  In 2015, Judge Vratil reduced this sentence to 292 months under 18 U.S.C. § 3582(c)(2).  Doc. 1084-1 at 1.

Since 2011, Mr. Chavez-Cadenas has filed many motions and appeals seeking various forms of relief, all of which the court has denied or dismissed.  *See, e.g.*, Doc. 1099 (Motion to Reduce Sentence filed Mar. 3, 2015, denied Mar. 9, 2015 (Doc. 1101)); Doc. 1132 (Motion for Downward Departure filed Jan. 8, 2016, denied Jan. 19, 2016 (Doc. 1135)); Doc. 1263 (Motion for Downward Departure filed Nov. 2, 2018, dismissed Aug. 26, 2019 (Doc. 1304)); Doc. 1312 (Motion to Vacate filed Sept. 30, 2019, dismissed Nov. 14, 2019 (Doc. 1313)); Doc. 1317 (Motion for Downward Departure filed Feb. 24, 2020, dismissed May 5, 2020 (Doc. 1324)); Doc. 1320 (Motion to Reduce Sentence filed Apr. 6, 2020, dismissed May 5, 2020 (Doc. 1324)); Doc 1326 (Amended Motion to Reduce Sentence filed July 9, 2020, denied Oct. 8, 2020 (Doc. 1332)); Doc 1333 (Motion for Compassionate Release filed Nov. 13, 2020, denied Dec. 11, 2020

(Doc. 1336)); Doc. 1337 (Motion for Compassionate Release filed Jan. 4, 2021, denied Aug. 24, 2021 (Doc. 1348)); Doc. 1339 (Motion for Reconsideration filed Jan. 13, 2021, denied Aug. 24, 2021 (Doc. 1347)). Mr. Chavez-Cadenas's case was reassigned to the undersigned District Judge on February 24, 2020 (Doc. 1318).

## II. Legal Standard

Section 2255 of Title 28 of the United States Code allows a prisoner to "move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). If a prisoner already has filed a motion under § 2255, he may file a second or successive § 2255 motion if "a panel of the appropriate court of appeals" certifies that it contains either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2255(h). "A second or successive motion attacks the judgment of conviction or sentence when a prior motion has already done so, albeit on different grounds." *United States v. Wetzel-Sanders*, 805 F.3d 1266, 1268 (10th Cir. 2015).

Whether a court should construe a filing "as a successive § 2255 motion depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *United States v. Baker*, No. 06-10129-JTM, 2012 WL 6130285, at *1 (D. Kan. Dec. 10, 2012) (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)). If the post-judgment pleading argues a "'new ground for relief'" from the original judgment, the court should treat that pleading as a successive § 2255 motion. *Id.* (citing *Nelson*, 465 F.3d at 1147). But if the post-judgment pleading challenges

3

earlier federal habeas proceedings, the court should not characterize it as a successive § 2255 motion. *Id.* (citing *Nelson*, 465 F.3d at 1147).

If the court construes a post-judgment pleading as a successive § 2255 motion, the petitioner first must seek approval from the appropriate Circuit. *Id.* (citing *Nelson*, 465 F.3d at 1148–49). Unless the Circuit approves filing a successive § 2255 motion, the district court lacks jurisdiction to decide the motion. *Id.* (citing *Nelson*, 465 F.3d at 1148). Also, our Circuit has explained, "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the Tenth Circuit], the district court may transfer the matter to [the Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631[.]" *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). Alternatively, the court "may dismiss the motion or petition for lack of jurisdiction." *Id.*

**III.    Analysis**

Mr. Chavez-Cadenas has styled his motion as one seeking clarification of his sentence. He asserts that his sentence was incorrectly calculated because it did not calculate time he spent incarcerated in Missouri on a pending deportation charge. But this label can't hide the substance of his motion. In substance, it is a successive § 2255 motion. Mr. Chavez-Cadenas's motion again challenges the way the court applied the sentencing guidelines. "A second or successive motion attacks the judgment of conviction or sentence when a prior motion has already done so, albeit on different grounds." *Wetzel-Sanders*, 805 F.3d at 1268.

Here, Mr. Chavez-Cadenas already has attacked the court's application of the sentencing guidelines more than three times. *See* Doc. 1132 ("Post-Judgment Motion for Downward Departure"); Doc. 1152 ("Post-Judgment Motion for Reduction of Sentence"); Doc. 1263 ("Post-Judgment Motion for Downward Departure"); Doc. 1326 ("Amended Motion to Reduce

4

Sentence"). The court has denied each of his challenges. *See, e.g.*, Doc. 1135 (overruling Doc. 1132); Doc. 1153 (dismissing Doc. 1152); Doc. 1304 (dismissing Doc. 1263); Doc. 1332 (denying Doc. 1326). The Tenth Circuit has not authorized the court to consider Mr. Chavez-Cadena's motion. The court thus lacks jurisdiction to reach the merits of Mr. Chavez-Cadenas's motion. *In re Cline*, 531 F.3d at 1252 (noting district court may dismiss successive § 2255 motion for lack of jurisdiction until the Circuit grants authorization). For this reason, the court dismisses the § 2255 motion.

While it lacks jurisdiction over Mr. Chavez-Cadenas's successive § 2255 motion, the court recognizes it has discretion to transfer the motion to the Tenth Circuit to give Mr. Chavez-Cadenas a chance to acquire the requisite authorization permitting a successive § 2255 motion. The governing standard directs the court to transfer the motion if it is in the interests of justice to do so. *In re Cline*, 531 F.3d at 1252. When deciding whether transfer will serve the interests of justice, a district court should consider the following factors: (1) "whether the claims would be time barred if filed anew in the proper forum," (2) "whether the claims alleged are likely to have merit," (3) "whether the claims were filed in good faith" (4) "or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006)). Here, the court finds the third *Cline* factor dispositive. Mr. Chavez-Cadenas already has filed five motions attacking the length of his sentence (Docs. 1099, 1106, 1132, 1263, 1291) and at least four motions either styled as or construed under § 2255 (Docs. 904, 959, 1152, 1312). This court repeatedly has dismissed his claims and explained—in specific terms—that it lacks authority to consider them. *See, e.g.*, Doc. 1153 (dismissing Mr. Chavez-Cadenas's § 2255 motion for lack of jurisdiction and explaining the process a defendant may use to file a successive motion); Doc. 1313 (same). Nonetheless,

Mr. Chavez-Cadenas continues to file successive motions. In this circumstance, a "court might well conclude that his most recent . . . filing was not made in good faith." *In re Cline*, 531 F.3d at 1252 (citation omitted). The court has explained, time and again, that it lacks jurisdiction to consider Mr. Chavez-Cadenas's successive motions. This third factor thus weighs against transfer.

Since Mr. Chavez-Cadenas has not filed his motion in good faith, the court finds that transferring the motion to the Tenth Circuit would not serve the interests of justice. The court also declines to issue a certificate of appealability because no reasonable jurist would find the court's assessment of Mr. Chavez-Cadenas's claims debatable or wrong. *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (explaining that, to receive a certificate of appealability, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" (citation and internal quotation marks omitted)). Exercising its discretion, the court thus dismisses Mr. Chavez-Cadenas's Motion for Clarification (Doc. 1358) for lack of jurisdiction. Also, the court declines to transfer the case to the Tenth Circuit. Finally, the court declines to issue a certificate of appealability.

### IV.     Conclusion

For reasons explained above, the court, first, dismisses Mr. Chavez-Cadenas's Motion for Clarification (Doc. 1358) because it lacks jurisdiction to adjudicate a successive motion under 28 U.S.C. § 2255. The court also holds that it will not serve the interests of justice to transfer the motion to the Tenth Circuit, so it declines to transfer the motion. And it declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Chavez-Cadenas's Motion for Clarification (Doc. 1356) is dismissed and no certificate of appealability will issue.

**IT IS SO ORDERED.**

**Dated this 14th day of February, 2023, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
