IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

**HUGO CHAVEZ-CADENAS (10)**,

      Defendant.

Case No. 09-20005-10-DDC

**MEMORANDUM AND ORDER**

Defendant Hugo Chavez-Cadenas has filed a pro se[1] Motion for Compassionate Release and to Reduce Sentence under Amendment 821 to § 4C1.1 of the United States Sentencing Guidelines. Doc. 1366. The government filed a Response. Doc. 1371. Mr. Chavez-Cadenas filed two supplemental documents to support his motion. Doc. 1377; Doc. 1379. He asks the court to seal one of those supplemental filings. Doc. 1378. The court dismisses Mr. Chavez-Cadenas's compassionate release request for failure to exhaust. It dismisses his Amendment 821 request for lack of jurisdiction. And the court denies Mr. Chavez-Cadenas's Motion for Leave to File Documents Under Seal.

**I. Background**

On January 26, 2010, Mr. Chavez-Cadenas entered a guilty plea (Doc. 582-1) to conspiracy to distribute and possess with intent to distribute more than 500 grams of

---

[1] Because defendant proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, defendant's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

methamphetamine, violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846. On June 11, 2010, a federal probation officer prepared a Second Amended Presentence Investigation Report (PSR). Doc. 880. Based on the quantity of drugs—1.5 kilograms of methamphetamine—the PSR determined that Mr. Chavez-Cadenas had a base offense level of 38. *Id.* at 19 (PSR ¶ 88). The PSR added two points under Guideline § 2D1.1(b)(4) because the methamphetamine was imported from Mexico. *Id.* (PSR ¶ 89). It added three points under Guideline § 3B1.1(b) because Mr. Chavez-Cadenas held a managerial role in the conspiracy. *Id.* (PSR ¶ 91). Two points were added under Guideline § 3C1.1 because Mr. Chavez-Cadenas obstructed justice. *Id.* (PSR ¶ 92). And the PSR deducted three points because Mr. Chavez-Cadenas accepted responsibility. *Id.* (PSR ¶¶ 94–95). Based on the 2009 Guidelines Manual, Mr. Chavez-Cadenas had a total offense level of 42. *Id.* (PSR ¶ 96).

Mr. Chavez-Cadenas's criminal history produced one criminal history point, establishing a criminal history category of I. *Id.* at 20 (PSR ¶ 99). "[B]ased upon a total offense level of 42 and a criminal history category of I, the guideline imprisonment range [was] 360 months to Life." *Id.* at 24 (PSR ¶ 119). The parties' binding plea agreement recommended a sentence at the low end of the advisory guideline range. Doc. 582-1 at 9 (Plea Agreement). On June 22, 2010, the court sentenced Mr. Chavez-Cadenas to imprisonment for 360 months and five years of supervised release. Doc. 892 at 2, 3. Mr. Chavez-Cadenas since has sought and secured a reduced sentence of 292 months based on an earlier retroactive amendment to the Sentencing Guidelines. Doc. 1084.

Mr. Chavez-Cadenas now asserts that Amendment 821, adding § 4C1.1 to the United States Sentencing Guidelines, applies to his June 2010 sentence and reduces his offense level by two levels. Doc. 1366 at 2. He also seeks compassionate release for a variety of medical

2

conditions.  *See generally* Doc. 1366.  The court addresses all of Mr. Chavez-Cadenas's motions, but first, recites the governing legal standards.

## II.        Legal Standards

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

> (1)  on motion of the Director of the Bureau of Prisons or the defendant, after defendant has exhausted administrative remedies, if special circumstances exist;
>
> (2)  if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
> (3)  if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  Mr. Chavez-Cadenas invokes the first and third circumstances recognized in this statute.  Doc. 1366.

Invoking the first circumstance, Mr. Chavez-Cadenas asks for compassionate release. The governing statute permits district courts to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A); *see also United States v. Maumau*, 993 F.3d 821, 830–31 (10th Cir. 2021) (reviewing § 3582(c)(1)'s history, text, and requirements).  Exhaustion "is required by statute, 18 U.S.C. § 3582(c)(1)(A), and a litigant's pro se status does not relieve him of the burden of exhaustion." *United States v. Barrio*, No. 21-6103, 2022 WL 898764, at *7 (10th Cir. Mar. 28, 2022).  Our Circuit has held that this exhaustion requirement is a claim-processing rule

3

that the government may waive or forfeit.  *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).  But if invoked by the government—and here it has—the court must decide whether the movant has discharged his duty to exhaust.  *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced[.]").

Mr. Chavez-Cadenas separately invokes § 3582(c)'s third circumstance, requesting a reduced sentence under Amendment 821—a subsequent change in the sentencing range.  Mr. Chavez-Cadenas invokes the new § 4C1.1 created by Amendment 821.  Effective November 1, 2023, Amendment 821 lowered the sentencing range by two levels for certain defendants with zero criminal history points.  U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023).  The amendment applies to a defendant who "meets all of the . . . criteria" in subsections (a)(1) through (a)(10):

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

4

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

*Id.*

Mr. Chavez-Cadenas also filed a Motion for Leave to Seal Documents. Doc. 1378. The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But this right is not absolute. *Id.* at 598. As a result, "there is a 'strong presumption in favor of public access[.]'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007)). This "strong presumption" increases when the information subject to a request to seal or redact provides the basis for a court's decision on the merits of the litigation. *Id.*

A party may rebut the presumed access to judicial records by demonstrating that "'countervailing interests heavily outweigh the public interests in access.'" *Mann*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). The party seeking to deny public access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumed access. *Id.*

The party seeking to deny public access also must comply with our local rule. D. Kan. Rule 5.4.2(c) requires a "Proponent" who "seeks to maintain any portion of the document under seal" to file a "motion to seal or redact in the public record." The Proponent must include in that motion a "description of the specific portions" which is "narrowly tailored to the asserted confidentiality interest." D. Kan. Rule 5.4.2(c)(1). The Proponent also must identify the "confidentiality interest to be protected" and the potential "injury that would result in the absence

of restricting public access[.]" *Id.* at 5.4.2(c)(2)–(3).  Finally, the Proponent must explain "why restricting public access will adequately protect the confidentiality interest in question" and indicate whether "the motion is opposed or unopposed[.]"  *Id.* at 5.4.2(c)(4)–(5).

### III.     Analysis

Mr. Chavez-Cadenas seeks compassionate release, a reduced sentence under Amendment 821, and to seal one of his supplemental filings.  The court addresses each of these requests, beginning first with his request for compassionate release.

#### A.     Compassionate Release

Mr. Chavez-Cadenas seeks compassionate release for a variety of health conditions—heart failure, diabetes, obesity, and hypertension, among others.  Doc. 1366 at 2.  He filed a letter written by his mother in support of his Motion for Compassionate Release, Doc. 1368, and two more supplemental briefs in support, Doc. 1377 and Doc. 1379.  Mr. Chavez-Cadenas has filed four other Motions for Compassionate Release before this one, Doc. 1320, Doc. 1326, Doc. 1333, Doc. 1337, and the court has rejected each one.  Doc. 1324, Doc. 1332, Doc. 1336, Doc. 1348.

Here, the government asserts that Mr. Chavez-Cadenas failed to demonstrate exhaustion of his administrative remedies.  Doc. 1371 at 5.  The Bureau of Prisons didn't make the pertinent motion here—Mr. Chavez-Cadenas did.  *See generally* Doc. 1366.  That means Mr. Chavez-Cadenas must demonstrate that he has exhausted all his administrative rights to appeal, or that 30 days have passed after he requested relief from the warden at his facility and he has received no response.  But Mr. Chavez-Cadenas neither asserts that he exhausted those administrative rights nor provides any evidence that 30 days have passed since he requested relief from his warden.

Mr. Chavez-Cadenas must request that the Bureau of Prisons bring a motion for compassionate release on his behalf.  If the Bureau of Prisons doesn't, Mr. Chavez-Cadenas must

exhaust the administrative process to appeal the Bureau's failure to bring that motion, or he must wait until 30 days have passed without the warden responding to his request, whichever comes first. Once he meets those requirements, he may file a motion to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). But as things stand now, the court must dismiss Mr. Chavez-Cadenas's motion because he hasn't exhausted his administrative remedies. *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4, n.3 (10th Cir. Dec. 3, 2021) (holding § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional and "[l]ike dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice"); *see also United States v. Porter*, No. 10-20076-04-JWL, 2023 WL 3721387, at *2 (D. Kan. May 30, 2023) (dismissing motion to reduce sentence without prejudice when defendant failed to exhaust administrative remedies).

The court now turns to Mr. Chavez-Cadenas's request for the court to reduce his sentence under Amendment 821.

**B.     Amendment 821**

Mr. Chavez-Cadenas loses his bid for a reduced sentence at § 4C1.1's first step, subsection (a)(1), which requires that "the defendant *did not receive any* criminal history points from Chapter Four, Part A[.]" U.S. Sent'g Guidelines Manual § 4C1.1(a)(1) (U.S. Sent'g Comm'n 2023) (emphasis added). Mr. Chavez-Cadenas received one criminal history point. So, he's not a zero point offender. Doc. 880 at 20 (PSR ¶ 99). Even if Mr. Chavez-Cadenas had zero criminal history points, he would lose his bid for a reduced sentence at subsection (a)(10), which requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)[.]" U.S. Sent'g Guidelines Manual § 4C1.1(a)(10) (U.S. Sent'g Comm'n 2023). Mr. Chavez-Cadenas received an enhancement for holding a managerial role in the conspiracy. Doc. 880 at 19 (PSR ¶ 91) (explaining Mr. Chavez-Cadenas's managerial role "is specifically

7

evidenced by the defendant's direction of Maricela Naranjo, Sarah Robinson, and Jaime Wortham.").

In short, Amendment 821 § 4C1.1 doesn't apply to Mr. Chavez-Cadenas. Because Mr. Chavez-Cadenas's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Mr. Chavez-Cadenas's motion (Doc. 1366). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (citing among others *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); *see also United States v. Andrade*, No. 18-10129, 2024 WL 1461816, at *1 (D. Kan. Apr. 4, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant failed to meet all § 4C1.1 criteria))).

**C.    Sealing**

Mr. Chavez-Cadenas asks the court to file Doc. 1377[2]—one of Mr. Chavez-Cadenas's supplemental filings in support of his Motion to Reduce Sentence—under seal. Doc. 1378. The motion is sparse: it contends that Doc. 1377 contains "confidential factors" and "personal" information related to his case. *Id.* at 1. Mr. Chavez-Cadenas's explanation ends there. He doesn't mention what harm he'd face if the court denies his sealing request. And Mr. Chavez-Cadenas doesn't explain if the government opposes his motion.

---

[2]    Mr. Chavez-Cadenas's supplemental filing, Doc. 1377, contains his name and birthdate, but it doesn't include medical records, social security numbers, or other highly sensitive information. *See, e.g.*, *E.W. v. Health Net Life Ins. Co.*, 86 F.4th 1265, at 1303–04 (10th Cir. 2023) (granting motion to seal documents which contained plaintiff's medical records, social security number, account numbers, billing information, and insurance contracts).

Mr. Chavez-Cadenas fails to demonstrate how "'countervailing interests heavily outweigh the public interests in access.'" *Mann*, 477 F.3d at 1149 (quoting *Rushford*, 846 F.2d at 253).  He also fails to comply with our local rule, D. Kan. Rule 5.4.2.  Mr. Chavez-Cadenas doesn't identify the "confidentiality interest to be protected" and the potential "injury that would result in the absence of restricting public access[.]" *Id.* at 5.4.2(c)(2)–(3).  He also fails to explain "why restricting public access will adequately protect the confidentiality interest in question" and indicate whether "the motion is opposed or unopposed[.]" *Id.* at 5.4.2(c)(4)–(5).  He just cites "confidential factors" and "personal" information, generally.  And that's not enough for Mr. Chavez-Cadenas to shoulder his burden to establish a sufficiently significant interest that outweighs the presumed public access.  *Mann*, 477 F.3d at 1149.

The court thus denies Mr. Chavez-Cadenas's Motion for Leave to Seal Document.

## IV.     Conclusion

The court dismisses Mr. Chavez-Cadenas's compassionate release request for failure to exhaust.  The court lacks jurisdiction to consider Mr. Chavez-Cadenas's current motion under Amendment 821.  Thus, the court dismisses Mr. Chavez-Cadenas's motion.  The court also denies Mr. Chavez-Cadenas's Motion for Leave to Seal Document.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Chavez-Cadenas's Motion for Compassionate Release and to Reduce Sentence (Doc. 1366) is dismissed.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Chavez-Cadenas's Motion for Leave to Seal Document (Doc. 1378) is denied.

**IT IS SO ORDERED.**

**Dated this 31st day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
